NATHANIEL HOLMES, Respondent, *v.* CITY OF CARONDELET, Appellant.

1. *Landlord and Tenant—Municipal Corporations.*—Decision in case of Graham v. City of Carondelet, 33 Mo. 262, affirmed.
2. *Ejectment—Judgment—Estoppel.*—A judgment in an action of ejectment is not a bar to a subsequent action between the same parties.

*Appeal from St. Louis Land Court.*

*Casselberry*, for appellant.

*Chapin*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This case cannot be distinguished from Graham v. City of Carondelet, 33 Mo. 262. The main question is precisely the same, and it must therefore be considered as determined and no longer open for our consideration.

The counsel for the appellant cites and relies upon several cases reported in 22 & 26 Mo.; but upon an examination of those cases it will be seen that they are dissimilar and not in point. They are not adjudications on the same question, although they relate to the same subject matter. All that they determine is, that the cities of St. Louis and Carondelet by their corporate authorities had power to make leases containing a clause of forfeiture for non-payment of rent reserved, and that such forfeiture, when declared in proper form according to the rules of law governing the matter, could not be relieved against.

The question as to whether the forfeiture was legally declared, which is the very question here, was not before the court in those cases; but it was before the court, and expressly passed upon and adjudicated, in Graham's case.

But it is further insisted, that the proceedings and judgment in the former case between the parties constituted a bar to the respondent's recovery in this case. It seems that the City of Carondelet brought ejectment against the respondent in 1856 to recover possession of the premises now in controversy, and had judgment in 1858.

By the common law, contrary to the rules which govern in other actions, an action of ejectment may be brought repeatedly for the same thing, and the previous judgment will not constitute an estoppel. By the R. C. 1855, p. 695, § 33, it was provided that a judgment in ejectment should be a bar to any other action between the same parties, or those claiming under them, as to the same subject matter, except in case of judgment by non-suit. An adjudication was made on this statute in the case of Miles v. Caldwell, 2 Wal. (U. S.) 35, and its propriety was strongly vindicated and extolled, as being peculiarly proper and appropriate in this country,

where ejectment is often used to try the title of real estate. But in 1857 this statutory provision making judgments in ejectment a bar was repealed by the Legislature, and the law restored as it previously existed—Slevin v. Brown, 32 Mo. 176. This suit was commenced in 1863, and is not affected by the statute as it existed prior to the repeal of the section creating the bar.

The judgment will be affirmed. Judge Fagg concurs; Judge Holmes being interested did not sit.