NATHANIEL HOLMES, Defendant in Error, *v.* B. GUION *et al.*, Plaintiffs in Error.

1. *Landlord and tenant — Tender of payment of rent by ousted tenant, when sufficient to prevent forfeiture.*— Where a tenant, ousted by his landlord for non-payment of rent, afterward tenders the amount in arrear, and same is

refused, and the tenant is still kept out of possession, such tender is sufficient to prevent a subsequent forfeiture for non-payment of rent after the time of making the tender. Under such circumstances no rent accrued for that period. (Graham v. Carondelet, 33 Mo. 262; Holmes v. Carondelet, 38 Mo. 551.)

### ON RE-HEARING.

2. *Landlord and tenant — Lease — Ejectment — Judgment by consent, effect of, in subsequent suit.*—Where a suit in ejectment was brought upon a lease, and judgment was rendered by consent for possession and damages, such judgment and consent did not destroy the lease, or plaintiff's right under it. The lease was not surrendered either in law or fact, nor was the lessee estopped from a subsequent suit under it.

### *Error to St. Louis Circuit Court.*

For statement of the case, see opinion of the court. See also Graham v. Carondelet, 33 Mo. 262, and Holmes v. Carondelet, 38 Mo. 551.

*Casselberry*, for plaintiffs in error.

I. There was a surrender of the lease in law. (Taylor on Land. and Ten. p. 374, § 515; *id.* 375, n. 1; Coote on Land. and Ten. 397; 2 Platt on Leases, 505; Woodfall on Land. and Ten., 7th ed., 256; Mathews v. Tobener, 39 Mo. 115.)

II. Plaintiff in this suit was estopped and barred by the suit of 1856. [This point was not decided by the Supreme Court when the case was last before them—38 Mo. 551.] (Miles v. Caldwell, 2 Wall. 35; Blanchard v. Brown, 3 Wall. 245; Sturdy v. Jackaway, 4 Wall. 174.)

III. The tender of the rent in October, 1863, was no tender of the rent which fell due in the spring of 1864, 1865, and 1866. Where a debt is payable in installments, the offer to pay one installment when it becomes due is no tender of payment of another installment.

IV. The lease was surrendered in fact. (Woodfall on Land. and Ten. 262; Coote on Land. and Ten. 393.)

*C. H. Chapin*, for defendant in error.

I. A judgment in an action of ejectment is no bar to the prosecution of another suit in ejectment for the recovery of the same

premises. The judgment rendered was purely a judgment in an action of ejectment, and is no surrender of the lease in this case, in law or otherwise. (Holmes v. Carondelet, 38 Mo. 551.)

II. A forfeiture for the non-payment of rent accruing while the landlord is in possession, by himself or those holding under him, is invalid.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff, as assignee of a leasehold estate, sues in ejectment to recover possession of the premises described in the petition. The original lessor (the city of Carondelet), because of the non-payment of rent, had undertaken to forfeit the original lease, but the proceedings in that behalf were held to be ineffectual. (Graham v. City of Carondelet, 33 Mo. 262.) The plaintiff, however, and his tenants were put out of possession, and the premises passed into the possession of the lessor. Whereupon the plaintiff, October 6, 1863, made a tender in full of all rent in arrear, with the interest thereon, which the city of Carondelet (the lessor) and those holding under it refused to accept. The plaintiff then, October 9, 1863, instituted this suit to recover back possession of the leasehold premises. After the suit had been pending some four years—to-wit: November 13, 1867—the lessor (the city of Carondelet) undertook to cure the defect in the proceedings to forfeit the lease by a fresh forfeiture of that date. This second forfeiture is urged as a defense to the present suit. It is claimed that the tender of October 6, 1863, although good and effectual as regards all rents and charges which had then accrued, was nevertheless insufficient to prevent a forfeiture for the non-payment of rent during the subsequent years. This assumes that rent accrued after the tender, for the non-payment of which the lessor was at liberty to forfeit the lease. But that is begging the question. Did any rent accrue during those subsequent years? The answer admits that the defendants, who hold under the city of Carondelet, were in possession on the third day of October, 1863, and they have been in possession ever since, resisting the claims of plaintiff, as this record shows. The plaintiff and his tenants were ousted, and the city of Carondelet and

its grantees' have held, used, and enjoyed the premises during the whole period of time subsequent to the tender.    Under these circumstances no rent accrued to the lessor against the plaintiff.    It would be singular if a landlord, in the use and possession of property, could collect rent from a lessee, whom the lessor had wrongfully ousted and kept from the possession, use, and enjoyment of the leasehold premises, during the period the tenant was thus wrongfully deprived of the property.    No reference is made to any principle or authority sanctioning such doctrine, and it can not be maintained.    On the 13th day of November, 1867, no rent had accrued for the non-payment of which the lease could be forfeited, and the forfeiture of that date is therefore ineffectual and void.

The remaining points of the case are fully covered by the decisions in Graham v. Carondelet, 33 Mo. 262, and Holmes v. Carondelet, 38 Mo. 551; and, upon the authority of these adjudications, the judgment of the court below is affirmed, the other judges concurring.

CURRIER, Judge, delivered the opinion of the court, on motion for re-hearing.

In 1856 the city of Carondelet brought a suit in ejectment against the present plaintiff and his tenants to recover from them the possession of the premises described in the petition in this suit.    The defense made in that suit broke down, and judgment was ultimately rendered against the defendants therein, on consent, for possession and damages.    It is now insisted that that judgment by consent amounted to a surrender, in law and fact, of the controverted lease, and that the plaintiff is thereby estopped from again setting up that lease.

The judgment and proceedings in said suit were alleged and insisted upon as a defense to the suit of Holmes v. Carondelet, 38 Mo. 551, as the printed brief therein filed (also filed here) shows; but ineffectually, as the decision in that case shows.    It was there held that the judgment by consent, in the suit of Carondelet v. Holmes *et al.*, was no bar to the subsequent suit of Holmes v. Carondelet; in other words, that said consent and

judgment did not destroy the lease, or the plaintiff's right under it, and consequently that the lease was not thereby surrendered, either in law or fact, or the plaintiff estopped from asserting his rights under it. That adjudication, therefore, substantially decides the present suit so far as the same subject matter is drawn in controversy here.

The fact that the judgment in Carondelet v. Holmes was rendered on consent does not enlarge its force or effect. The consent was merged in the judgment. The law of *that* case was decided against the defendants therein, and their consent to the consequent judgment was a mere graceful submission to the inevitable, and in itself involved no more than was implied in the judgment.

It was not, and is not, deemed necessary to go into a detailed examination of the instructions bearing on this subject, which were asked by the defendants and refused by the court.

The motion for a re-hearing is overruled.