M. G. WITHNELL, Respondent, v. C. A. PETZOLD, Appellant.

May 19, 1885.

1. LANDLORD AND TENANT—HOLDING OVER.—Whether a tenant for years who holds over becomes a tenant from year to year, or from month to month, depends upon the ascertained intention of the parties, in cases not governed by section 3078, Revised Statutes.

2. —— EVIDENCE—PRACTICE.—In such cases, the intention of the parties should be found as a fact, and the jury should take into consideration the character of the property, the use desired to be made of it, and the times when the rent is to be paid.

3. —— STATUTE CONSTRUED.—Section 3078, Revised Statutes, does not

apply to parks, farms, pastures, and such like property situated within the limits of incorporated towns and cities.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

DAVID MURPHY, for the appellant; LOUIS GOTTSCHALK, of counsel: The court erred in admitting the thirty days' notice, and instructing the jury to find for plaintiff. —*Ridgley* v. *Stillwell*, 25 Mo. 570; *Williams* v. *Deriar*, 31 Mo. 1; *Finney* v. *St. Louis*, 39 Mo. 177; *Grant* v. *White*, 42 Mo. 285; *Hammon* v. *Douglas*, 50 Mo. 434.

JAMES and CHARLES S. TAUSSIG, for the respondent: The ruling of the court in admitting the thirty days' notice in evidence was not error. Because it appears from the lease, contained in the amended transcript, that the premises contained buildings and improvements, and were situated in the city of St. Louis.—Rev. Stat. of Missouri, § 3078, 515; *Hammon* v. *Douglass*, 50 Mo. 434, 442; *Wilgus* v. *Lewis*, 8 Mo. 339. Even if there had been no buildings on the premises, in this case, the holding over was from month to month, because the parties agreed that rent since the expiration of the lease should be paid monthly.—*Hammon* v. *Douglass*, 50 Mo. 434, 437; *Barlow* v. *Wainwright*, 22 Vt. 88; *Prindle* v. *Anderson*, 19 Wend. 391. The instruction asked for by the defendant was properly refused; § 2444, Revised Statutes of Missouri, has no application, and the three years' bar does not begin when the relation of landlord and tenant exists.—Rev. Stat. of Mo., § 2444; *Grant* v. *White*, 42 Mo. 285; *Gillette* v. *Matthews*, 45 Mo. 309; *Han. & St. Jo. R. R. Co.* v. *Hill*, 60 Mo. 281.

ROMBAUER, J., delivered the opinion of the court.

This is an action for unlawful detainer. The only contention between the parties is whether the premises in controversy are held by defendant as tenant from month to month, or as tenant from year to year. The following facts were admitted on the trial by the parties respectively: That John Withnell, as owner, had made a writ-

ten lease for the premises in controversy and described
in the complaint, to the defendant and one Dana, dated
Sept. 30, for a term of three years and nine months, from
Oct. 1, 1875, at an annual rent of sixteen hundred dollars,
payable quarterly, in advance, in equal instalments of
four hundred dollars; that the lessees named in said
lease, and afterwards the defendant alone, occupied said
premises as tenants of John Withnell, under said lease,
until its expiration, and paid the rent therein reserved;
that after the expiration of said lease, to-wit: after June
30, 1879, the defendant continued to occupy and to hold
over said premises until August 26, 1884, with the con-
sent of said John Withnell during his life, and after his
death which took place before August 26, 1884, with the
consent and as tenant of plaintiff who was the devisee of
said premises under the last will of said John Withnell;
that after June 3, 1879, the defendant paid rent for said
premises to John Withnell, and afterwards to plaintiff;
his payments amounting to $600 per year, in six monthly
instalments during April, May, June, July, August, and
September of each year, which payment the defendant
claimed to have been in full satisfaction of the rent
agreed by him to be paid after June 30, 1879, while the
plaintiff claimed that said payments were only on ac-
count of $125 per month agreed to be paid by defendant
after June 30, 1879. That on the 26th day of August,
1884, defendant was served by plaintiff with the follow-
ing written notice :

St. Louis, August 26th, 1884.

*To Charles A. Petzold:* Take notice that your tenancy
of city blocks 1535 and 1538, containing 8 91–100 acres,
more or less, and known as Concordia Park, in the city
of St. Louis, Missouri, bounded north by Wyoming
street, east by 2nd Carondelet avenue, south by Utah
street, and west by Lemp avenue will cease, and you
are hereby notified to vacate the same one month from
the first of September, 1884.

MARTHA G. WITHNELL.<br>
By GREEN & LAMOTTE, her agents.

It was also admitted that from and after August 26, 1884, the defendant remained in possession of said premises, that he refused to surrender them pursuant to said notice, and that he was in possession at the time of the trial. The lease from John Withnell to defendant and Dana was in evidence, and describes the premises let substantially in the same manner as the foregoing notice. The conditions of the lease among other things provides : That the lessees are to keep the premises and improvements thereon in good repair, are to repair and renew the fences at their own cost; are not to cut down any fruit or forest trees, or to allow the premises to be used for pasturage. The lease reserves a lien for rent upon all buildings and improvements erected by the lessees on the premises, and provides that all buildings and improvements now or hereafter erected on the premises, with the fixtures of such buildings, shall at the expiration of the term become the lessor's property, except the stock in trade and the furniture in the saloon, furniture in the dwelling, and the shed and machinery in the shed known as the flying dutchman.

The following facts, therefore, may be considered as conceded by the testimony : That the property consists of 8 91-100 acres in the city of St. Louis. That it did at the date of the lease and presumably at the date of the notice to quit, contain a dwelling and some other buildings. That it was fenced in whole or in part, contained fruit and forest trees, and might, but for the prohibition of the lease, be used for pasturage. That the written lease expired in June, 1879, and that the defendant held over after said date without any specific agreement as to the duration of his tenure, except in so far as the same can be gathered from his periodical payments of rent, or is determined by the law of 1869. Rev. Stat., sect. 3078.

Some additional testimony was offered by both parties, mainly on the question of monthly value. The additional testimony thus offered did not materially vary the admissions above made. The court, against defendant's objections, admitted the notice to quit in evidence, and

instructed the jury to find for plaintiff.

It will be thus seen that two questions arise for our determination : 1st, Was the defendant, under the facts shown, a monthly tenant, regardless of the statute of 1869? 2nd, Was he a monthly tenant under the provisions of that statute? It was decided in *Kerr* v. *Clark* (19 Mo. 132), that a parol lease, though by the statute of frauds declared to be a tenancy at will, has the effect of creating a tenancy from year to year, such being the established construction of the statute of 29 Car., II, Ch. 3, from which our statute is taken. This ruling was followed in *Goodfellow* v. *Noble*, 25 Mo. 61; *Ridgely* v. *Stillwell*, 25 Mo. 570; *Ridgely* v. *Stillwell*, 28 Mo. 403; recognized in *Williams* v. *Deriar*, 31 Mo. 15, followed in *Scully* v. *Murray*, 34 Mo. 421, and criticized but still followed as the settled rule in this state in *Hammon* v. *Douglass*, 50 Mo. 435. It was also recognized as the rule in *Wilgus* v. *Lewis*, 8 Mo. App. 339, and *Insurance Co.* v. *National Bank*, 71 Mo. 61, and must therefore be considered as settled beyond controversy.

Judge Bliss, in *Hammon* v. *Douglass, supra, arguendo*, mentions this qualification, that, "if after the expiration of the term in the written lease, the landlord shall receive an annual rent from an ordinary tenant, a yearly verbal lease or one from year to year may be implied. But if he shall receive a monthly rent, then the implied lease should be held from month to month." This point was not necessarily involved in the decision of that cause, and the learned judge seems to have overlooked that the case of *Prindle* v. *Anderson* (19 Wend. 391), on which he based his *dictum*, was denied by the Supreme Court of this state expressly in *Scully* v. *Murray, supra*, where the case is referred to in its subsequent stage as *Anderson* v. *Prindle*, 23 Wend. 616. The rule in this state, touching tenures not falling within the provisions of the statutes of 1869, is in our opinion correctly stated thus : Where a tenant for years holds over with the consent of his landlord, his tenancy will be one from year to year, or for a shorter period according to

the intention of the parties. Such intention should in each case be found and determined as a question of fact, by the triers of the fact, and in so doing they may take into consideration the character of the property and the use to which the same is to be put, as well as the periods at which the rent is to be paid.

It results that the court could not in this instance imply a monthly letting, as a matter of law, from a monthly payment of rent alone, even if the evidence in regard to such payment would have been clear. It could do so still less, as the evidence is conflicting.

Whether the defendant was a monthly tenant under the provisions of the statute of 1869 ( Rev. Stat. 1879, sect. 3078), is purely a question of law, and therefore determinable by fixed rules of interpretation. That statute provides : ''All contracts or agreements for the leasing, renting, or occupation of stores, shops, houses, tenements, or other buildings, in cities, towns and villages, not made in writing signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party or his agent, one month's notice in writing, of his intention to terminate such tenancy.'' This section has reference to the leasing of property specially mentioned therein, and to no other. We know of no rule of law which would authorize us to extend its scope, so as to include all real property within the limits of cities, towns and villages. It does appear in this case that some buildings are located on the premises in controversy, but such buildings are neither let *eo nomine* in the lease, nor does it anywhere appear in the testimony that they were the essential object of the letting. On the contrary it does appear that the essential object of the letting was a piece of ground containing almost nine acres, fruit and forest trees, and designated by the parties as a park, which ''Is a piece of ground within a city or town inclosed and kept for ornament and recreation.'' ( Webster.)   It is a notorious fact that most farms have buildings upon them, and a fact no less notorious that

many farms are situated within the limits of this city, and probably within the limits of many towns and villages in this state. Would it be contended that it was the intention of the legislature to make the tenure of such farms, where the yearly tenant holds over, one from month to month? Such an interpretation is neither within the letter nor within the spirit of the law, nor can we go outside of the letter of the law to seek an artificial interpretation, which is negatived by its unequivocal terms.

Our conclusion is that the property in controversy, under the facts disclosed, does not fall within the class covered by the statute of 1869, and that the court could not instruct for plaintiff on the ground that defendant was a monthly tenant under that statute. As in either view of the case the court was not justified in taking the question of the character of the defendant's tenure from the jury, its so doing was error, for which its judgment must be reversed and the cause remanded. All the judges concurring, it is so ordered.