28   249
41   656
28   249
125m  35
28   249
87   414

---

ALBERT DREY, Appellant, v. M. W. DOYLE, Respondent.

St. Louis Court of Appeals, December 20, 1887.

1. ABATEMENT—EJECTMENT — UNLAWFUL DETAINER.—The pendency of a suit in ejectment can not abate a subsequent action of unlawful detainer brought by the same plaintiff for the same land.

2. LANDLORD AND TENANT—TENANCY FROM MONTH TO MONTH.—A tenant of a building in a city, who holds over after the expiration of his lease, is a tenant from month to month, and the tenancy is determinable on a month's notice.

3. ——— NOTICE TO TERMINATE TENANCY.—A notice to terminate a tenancy from month to month, given one full month before the day on which the monthly tenancy expires and requesting the surrender of the premises on the day next succeeding its expiration, that being the day of the letting, is sufficient.

4. ——— WAIVER.—The formal insufficiency of a notice to quit is waived by the tenant's repudiation of the monthly tenancy and his refusal to quit on the ground that he has a tenancy for years in the premises.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded.*

Christian & Wind and David Goldsmith, for the appellant : The notice was sufficient. *Walker v. Sharp*, 14 Allen, 43 ; *Steffins v. Earl*, 40 'N. J. 123. But if formally insufficient its defects were waived. *Boynton v. Bodwell*, 113 Mass. 531 ; 2 Taylor on Landlord and Tenant, secs. 472, 488, pp. 51–58 ; Wade on Notice, sec. 647, p. 363. The pendency of the other suit could not abate this one. *Carter v. Skaggs*, 38 Mo. 302, 305 ; *Dunn v. Miller*, 8 Mo. App. 467 ; *Ekey v. Inge*, 87 Mo. 493.

Joseph A. Robertson and Joseph S. Laurie, for the respondent : The second suit should have been abated. 45 Mo. 294 ; 47 Mo. 344. The tenancy was from year to year. *Railroad v. Ludwig*, 6 Mo. App. 583. Notice to quit was insufficient. *Wilgus v. Lewis*, 8 Mo. App. 339 ; *Gunn v. Sinclair*, 52 Mo. 327. In support of the propositions involved, as to the identity of the action, the conclusiveness of a judgment, and effect of another action pending, see the following authorities : *Armstrong v. City*, 3 Mo. App. 104 ; *Tutt v. Price*, 7 Mo. App. 194 ; *Spradling v. Conway*, 51 Mo. 54 ; *Lee v. Bowman*, 55 Mo. 400 ; *Stewart v. Dent*, 24 Mo. 111 ; *White v. Van Houton*, 51 Mo. 577 ; *Hughes v. Hood*, 50 Mo. 550 ; Herman on Estoppel, secs. 237*b*, 243, 251, 287, 1051 ; Freeman on Judgments, sects. 256 and 259 ; *Mullen v. Mullock*, 22 Kan. 598.

Rombauer, J., delivered the opinion of the court.

This is an action of unlawful detainer, and the plaintiff 's statement is the only written pleading therein. Upon trial in the circuit court the defendant gave in evidence the record of an ejectment suit wherein the plaintiff had recovered judgment, and it was admitted then and there that the parties in said suit were the same as in this, that the plaintiff in said suit relied on evidence which was the same as in this, and claimed possession of the same property under the same title on which he

relied in this case. The court thereupon directed the jury to find a verdict for the defendant, which they did.

The only question presented for our consideration on this appeal is whether this ruling was correct.

The ejectment suit was first instituted, and was pending when the action for unlawful detainer was brought, and it appears is still pending, on an appeal taken by the defendant from a judgment rendered by the circuit court, in the plaintiff's favor. When the record was offered in evidence judgment had been rendered therein, but no appeal taken. This, however, is immaterial, as it is substantially conceded by the appellant that if the record thus introduced was legal evidence, either of "another action pending," or of "former recovery," the action of the circuit court in instructing for the defendant was proper.

It has been decided that a judgment in favor of the defendant in an action of forcible entry and detainer is no bar to a subsequent action by the plaintiff in ejectment. *Carter v. Scaggs*, 38 Mo. 302. Judge Holmes, in deciding the question, says: "The issues to be tried are not at all the same. In one case, the matter of the forcible entry and unlawful invasion of an actual possession only is involved; in the other, the absolute right of the possession is to be tried and determined. Under the statute even one action of ejectment is no bar to another upon the same cause of action."

The proposition, that one action of ejectment is no bar to another for the same land, has been repeatedly decided. *Slevin v. Brown*, 32 Mo. 176; *Holmes v. Carondelet*, 38 Mo. 551; *Kimmel v. Benna*, 70 Mo. 52; *Ekey v. Inge*, 87 Mo. 493; *Dunn v. Miller*, 8 Mo. App. 467. It is true that in all these cases the judgment claimed as a bar was one in favor of the party seeking to avail himself of it as a defence, but in principle there can be no difference whether the judgment be in favor of one party or another, provided it has not been satisfied. If the plaintiff in this case had obtained possession in ejectment any subsequent action in ejectment

would have necessarily abated, on the sole ground that a party can obtain but one satisfaction, even though he may have several actions for the same cause. .

It has been decided in other jurisdictions that, as a former judgment or recovery can not be pleaded in bar to a subsequent suit between the same parties in an action of ejectment, it would seem to follow that the pendency of another action between them at the time the second suit is brought will not be good in abatement (*Hall v. Wallace*, 25 Ala. 438) ; that a plaintiff in whose favor a verdict of ejectment was rendered may maintain a second ejectment for the same land without taking possession or issuing process for that purpose under his first ejectment.    *Rambler v. Tryon*, 7 Serg. & R. 90 ; *Ross v. Pleasants*, 19 Pa. St. 157.

If the pendency of one action of ejectment is not available as a plea of "another action pending" in a subsequent action of ejectment between the same parties for the same land, it is difficult to conceive how that fact can be made available by such a plea in an action of unlawful detainer.    It can not be contended that there is a greater identity between a suit of unlawful detainer and an action of ejectment for the same land than there is between two actions of ejectment in which the parties and subject-matter are the same. The defendant can not claim oppression until he at least surrenders possession in the first action, nor is the defence claimed on the ground of oppression in this instance.    Both parties stand on their technical legal rights, neither claiming any particular equity, and as the plaintiff's technical legal rights can not be successfully challenged, and are not opposed by any equity on the defendant's part, they must prevail.

The respondent, however, contends that, even conceding that the instruction of the court can not be supported for the reason hereinabove stated, yet, there was no error, since the plaintiff failed to give any legal notice terminating the defendant's tenancy, and, therefore, could not recover in this action.

This brings us to the second question raised by the record, namely, whether the court was justified in instructing the jury to find for the defendant, because no legal notice to quit and surrender the premises was ever given by the plaintiff to the defendant.

On this branch of the case the facts pertinent to the issue are the following: The complaint was filed September 29, 1886. It described the premises in controversy as a lot of ground sixty by one hundred feet, with all improvements thereon, situated in the city of St. Louis, and states that the lot and premises were let to the defendant for a term expiring August 31, 1886, and that the defendant has ever since said date wilfully and without force held them over.

The plaintiff gave evidence tending to show that the premises were owned by one Lucas, who, July 1, 1886, conveyed them to one Nelson; that Nelson, shortly thereafter, conveyed one undivided half to one Hammett, and that Nelson and Hammett, by deed of general warranty, bearing date July 13, and delivered July 28, 1886, conveyed them to the plaintiff. All these deeds were conveyances in fee.

The plaintiff also gave evidence tending to show that the premises are, and were during the entire term of their occupation by the defendant, covered by a two-story brick stable erected thereon ; that the agent of Lucas, Nelson, and Hammett was one Turner, to whom the defendant paid a monthly rent of seventy dollars for the premises, the last receipt given being as follows :

" M. W. Doyle to Hammett & Nelson, Dr.
" To one month's rent of stable No. ——
        on 11th & St. Charles streets, city
        block No.—— from July 1 to August
        1, 1886...........................$70.00.
" St. Louis, July 16, 1886.    Received payment.
        "CHARLES H. TURNER & Co., agents.
                "Per W. P. H. TURNER."

The plaintiff then testified that, on July 30, 1886, he gave to the defendant in person the following notice to quit:

"St. Louis, Mo., July 30, 1886.

"Mr. M. W. Doyle, City.

D'r Sir: Pursuant to the statute in that behalf provided I hereby give you thirty days notice in writing of my intention to terminate your tenancy for the following premises in the city of St. Louis, and state of Missouri, now held by you as my tenant, to-wit: The two-story brick building now used by you as a livery-stable, located on the southwest corner of Eleventh street and St. Charles street, being sixty feet on west line of Eleventh street by one hundred feet on south line of St. Charles street, city block 823, and I require you to surrender up possession of said premises on the first day of September, 1886, pursuant to this notice.

"Albert Drey."

And received from Doyle the following note in reply :

"August 3, 1886.

"Mr. Albert Drey,—

"Dear Sir: I beg to acknowledge receipt of your letter of July 30, in regard to the property now occupied by me, and from which I hold a lease from Mr. Henry V. Lucas. Said lease terminates May 30, 1888. The lease and renewal were shown you to day by my attorney. I now write to inform you that I am not advised of the character of your title to the property, but am ready and willing to pay any rents that may be due or may become due during the existence of the above-mentioned lease to you, or any other person that may be designated by Mr. H. V. Lucas, or his agents, C. H. Turner & Co., authorized to receive the same. It is my intention to retain possession of the property now occupied by me until the end of the term heretofore mentioned.

"Respectfully,
"M. W. Doyle."

In explanation of the term, "my attorney," in the foregoing letter, it may be added that on the day of its date the plaintiff received a note from Robertson, an attorney-at-law, requesting an interview. The plaintiff thereupon called upon Robertson, who produced and exhibited to the plaintiff a lease of the premises from Lucas to the defendant for a term of five years expiring on the last day of May, 1884, purporting to have been renewed on the twenty-first of June, 1884, for an additional term of four years. The testimony concedes that this is the first notice, express or implied, which the plaintiff had of a claim of a written lease on the part of the defendant, as this lease had never been recorded.

On the day next succeeding, Goldsmith, attorney for the plaintiff, called on Robertson, who is referred to by the defendant's letter as his attorney, and wanted to know from him whether he would make, on behalf of the defendant, any objection to the form or sufficiency of the notice to quit, dated July 30, 1886. Robertson replied that he would not do so, but would rely entirely on the lease and renewal above referred to. Thereupon the present action was brought.

When the notice to quit was offered in evidence upon the present trial the defendant objected thereto as incompetent, and irrelevant, and as insufficient, because it undertook to determine the defendant's tenancy on the first day of September, 1886. Counsel for the plaintiff said that, while they claimed that the defendant's objections were not well taken, they would introduce evidence of a waiver of all defects in the notice if there were any. The objection was thereupon overruled by the court and the notice read.

The respondent now claims that the notice was insufficient, as a matter of law, for two reasons. First, because the evidence shows that the defendant is a tenant for a term of years, holding over after its expiration without any express agreement, and, therefore, a tenant from year to year, and entitled to three months' notice prior to the expiration of the year. Second, because,

even if the defendant is a tenant from month to month, the notice is insufficient because it requires a surrender to be made September 1, whereas the surrender should have been required to have been made on. August 31. The respondent further claims that there was no evidence of a waiver of this insufficiency.

Referring to the first objection it might suffice to say that we can not see how, in any view of the facts, the defendant can claim to be a tenant from year to year. Under the plaintiff's evidence he is clearly a tenant from month to month ; under his own evidence he is a tenant for a definite term expiring on May 31, 1888. If he establishes the validity of the extension of his lease as against the plaintiff, the plaintiff must fail, not because of the insufficiency of the notice, but because it was premature. If he fails to establish the validity of the extension he is entitled to one month's notice only, and his tenancy falls within the provisions of the second clause of section 3078, Revised Statutes. *Withnell v. Petzold*, 17 Mo. App. 669. In *St. Louis & Iron Mountain Railroad v. Ludwig* (6 Mo. App. 583), to which we are referred by the defendant, the record and manuscript opinion fails to show that the essential object of the letting was a building in a city or town, and the only question was whether the case fell within the first clause of section 3078. While that case, therefore, has no application at all to the facts presented by this record, it would have no application even if the defendant had claimed a tenure for an indefinite time, as one holding over after the expiration of a term for years, since his tenure is that of a building within a city.

The defendant claims that if he was a tenant from month to month, his tenancy expiring August 31, then the notice served upon him July 30, to surrender on the first of September, was not in conformity with law, although it gave him a full month's notice before the expiration of the month. It was intimated in *Wilgus v. Lewis* (8 Mo. App. 339), that "the month's notice which must be given must either specify the exact day

on which the next month expires, or state generally that the tenancy will be terminated in one month from next rent day." That language, however, was applied in holding a notice insufficient which required a surrender in the middle of the month. *Gunn v. Sinclair* (52 Mo. 330) simply decides that, where the statute requires a month's notice, the notice should be given before the expiration of the current month so as to give a full month's notice. None of these cases hold that a notice requiring the tenant to surrender on the day succeeding the expiration of the month is insufficient, while very respectable authorities hold that such notice is sufficient when the day mentioned is the day of the letting (*Steffens v. Earl*, 40 N. J. 128; *Walker v. Sharp*, 14 Allen, 43); and some hold that it is the only proper notice. *Waters v. Young*, 11 R. I. 1.

Whether a notice to vacate on the last day of the month, or on the first day of the month next ensuing, or on the day of the letting, be the proper notice, it is evident that the main object of the statute is to ensure to the tenant one full month's notice prior to the expiration of his term which, on the theory of the plaintiff's evidence, was done in this case. Were it even otherwise there was sufficient evidence of waiver of any informality to prevent the court from deciding the notice insufficient as a matter of law. The evidence of this waiver is in the defendant's letter of August 3, wherein he places his refusal to quit on the sole ground that his lease expires only in 1888, and expresses his intention to retain possession of the property until the end of the term heretofore mentioned.

Thus it was held, in *Boynton v. Bodwell* (113 Mass. 531), that, while a notice given by a tenant at will to terminate his tenancy, which notice fails to state the time when he will quit, is defective, yet, if the landlord does not object to the insufficiency of the notice, when the tenant in fact does deliver to him possession on a subsequent day, the jury are authorized to infer a waiver of the defect.

It is just to the trial court to state that it appears, from a written memorandum of the judge embodied in the record, that the court held that the judgment in ejectment was a bar to the present action, and that the questions of sufficiency of notice, and waiver, are suggested merely to elicit the views of this court on these questions, as they may arise in a second trial of the cause.

It results that the judgment must be reversed and the cause remanded. It is so ordered, with the concurrence of all the judges.