JOHN O. F. DELANEY, Respondent, v. C. M. FLANAGAN *et al.*, Appellants.

### St. Louis Court of Appeals, October 28, 1890.

1. **Landlord and Tenant**: ORAL LETTINGS. The statute of 1869 (Revised Statutes, 1879, sec. 3078), providing that oral lettings of stores, shops, houses, tenements or other buildings in cities, towns and villages should be held to be tenancies from month to month, is applicable only where a building is let *eo nomine*, or is the essential object of the letting. *Held*, accordingly, that it does not apply to the case of an oral letting of land, the buildings on which belong to the tenant.

2. —— : ——. In cases not governed by that statute, a parol lease, though by the statute of frauds declared to be a tenancy at will, has the effect of creating a tenancy from year to year ; and, when a tenant for years holds over with the consent of his landlord, his tenancy, if not governed by that statute, will be one from year to year, or for a shorter period, according to the intention of the parties, which is to be determined as a question of fact.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Upton M. Young* and *Alexander Young,* for appellants.

Both the lease and the sale were in the language of the statute "contracts for the leasing," etc., of buildings, tenements, etc., in the city of St. Louis. Flanagan & Co. were liable, if at all, after June, 1886, under an implied contract ( not in writing ) for the leasing of a building or tenement in the city of St. Louis. If this be true they were, under the statute, tenants from month to month, and could terminate their tenancy by giving to the landlord or his agent one month's notice, in writing, of their intention to terminate such tenancy. The recitals in the lease and deed ( as to the buildings upon the premises ) are not only not contradicted but are sustained by other testimony in the record. *Drey v. Doyle,* 28 Mo. App. 249.

*T. K. Skinker,* for respondent.

(1) The general rule is, that a parol lease for a term of years has the effect of creating a tenancy from year to year. R. S. 1879, sec. 2509 ; *Kerr v. Clark,* 19 Mo. 132 ; *Ridgely v. Stillwell,* 25 Mo. 570 ; *Ridgely v. Stillwell,* 28 Mo. 403 ; *Scully v. Murray,* 34 Mo. 420 ; *Winters v. Cherry,* 78 Mo. 347. (2) But even if it were granted that there was no agreement for a new term, still, inasmuch as defendants held over with plaintiff's consent, they were tenants from year to year. *Railroad v. Ludwig,* 6 Mo. App. 583 ; *Wilgus v. Lewis,* 8 Mo. App. 339 ; *Withnell v. Petzold,* 17 Mo. App. 669 ; *Hammon v. Douglass,* 50 Mo. 434 ; Taylor on Landlord and Tenant, sec. 467. (3) The mill and other improvements belonged to defendants, and were their personal chattels. *Atkison v. Dixon,* 96 Mo. 588 ; *Neiswanger v. Squire,* 73 Mo. 198 ; *Hines v. Ament,* 43 Mo. 300 ; *Goodman v. Railroad,* 45 Mo. 33 ; *Lowenberg v. Bernd,*

47 Mo. 297 ; *Priestly v. Johnson*, 67 Mo. 632 ; *Kuhlman v. Meier*, 7 Mo. App. 260 ; *Dryden v. Kellogg*, 2 Mo. App. 91, 92. The lease was, therefore, a letting of the ground alone, and did not include the buildings on the ground. Section 3078, Revised Statutes, 1879, relates to the letting of buildings, and, therefore, has no application to this case.

ROMBAUER, P. J.—The action is one by landlord against tenant, seeking to recover the rent for the year 1889 of certain premises in the city of St. Louis, and also the general and special taxes assessed against the property during said year, which are claimed to be due under an oral lease from year to year.

The defense interposed is that the letting was one from month to month, and not from year to year, and that the defendant determined the tenancy by one month's notice in writing, given prior to the expiration of the year 1888. No instructions were asked or given by either party, but, upon defendant's request, the court made a special finding of facts. Upon such finding the court entered judgment for the plaintiff according to the prayer of his petition, from which judgment the present appeal is prosecuted.

Errors are assigned in the admission and rejection of testimony, but the defendants' statement and brief are silent on the subject, hence there is nothing before us on these complaints for review. The only other reviewable error assigned is that the judgment is against the evidence.

The finding of facts by the court, which has ample evidence to support it, is as follows :

"The plaintiff is the owner of premises described in the petition. The defendants occupied the premises under a lease dated the sixth day of December, 1878, for a term expiring on the thirtieth day of June, 1886, and by the terms of this lease the defendants were liable to pay all the general and special taxes assessed against

the property therein and in the petition described. Said
lease was made by the plaintiff to Dominic Kronenberg,
who conveyed the leasehold estate to the defendants by
a warranty deed dated the twenty-seventh of January,
1880, under which defendants went into possession of
the premises, and thereafter paid rent according to the
terms of the lease from the plaintiff to said Kronenberg
down to the termination of said lease, on the thirtieth
day of June, 1886. Prior to the termination of said
lease, negotiations were entered upon between defend-
ants and James M. Carpenter, the lawful agent of said
plaintiff, looking to the purchase of the property by the
defendants, or to a renewal of the lease for another
term, but no new lease was ever executed between the
parties. The defendants, however, remained in posses-
sion of the premises down to the thirty-first day of
December, 1888, and paid all rent that had accrued at the
rate of five hundred and twenty-five dollars ($525) per
year, being the amount which the landlord demanded
of them as the rent of the premises under the new lease
up to the first day of January, 1889. Said rent, after
the expiration of the lease, was paid as follows: The
first two quarters were paid together at one time, and
thereafter the rent was paid quarterly according to the
terms of the lease, and at the times specified in the old
lease. The court also finds that after the first day of
January, 1889, under a notice served upon the defend-
ants by the proper official of the city of St. Louis,
requiring them to take down a building still standing
on said premises, the defendants took down said build-
ing in the month of March, 1889, selling the materials
therein to a wrecking company in the city of St. Louis.
The court also finds that the defendants failed to pay
the general and special taxes mentioned in the plain-
tiff's petition, and the plaintiff paid the amount of said
taxes, as specified in the petition and at the times.
therein alleged. The court also finds that on the thir-
tieth day of November, 1888, the defendants sent a

notice by mail to James M. Carpenter, the lawful agent of plaintiff, notifying said Carpenter of their intention to vacate and surrender the premises to the plaintiff on the thirty-first day of December, 1888, and that, prior to the thirty-first day of December, 1888, they had removed from said premises all the improvements which they were entitled to remove, with the exception of a small house in the rear of the premises, being the same house subsequently removed under a notice from the city officials, in the month of March, 1889. The court also finds that the plaintiff, through James M. Carpenter, his agent, demanded of the defendants ground rent of said premises at the rate of seven dollars ($7) per front foot, amounting to five hundred and twenty-five dollars per annum, and that rent was paid, as above specified, by the defendants at that rate during the times above named. Upon these facts the court declares the law to be that the defendants are liable to plaintiff for three quarters' rent for the year 1889 at the rate of five hundred and twenty-five dollars per annum, and also for general taxes for the years 1888 and 1889, mentioned in plaintiff's petition; also for special taxes for repairs of sidewalks, and for sprinkling mentioned in plaintiff's petition; and renders judgment accordingly."

It will be seen from the foregoing, and the conclusions of law based upon it, that the court treated the defendants as tenants from year to year, and liable accordingly. That a parol lease, though by the statute of frauds declared to be a tenancy at will, has the effect of creating a tenancy from year to year has been the law of this state since the decision in *Kerr v. Clark*, 19 Mo. 132. The cases on that subject are collected and commented upon in *Withnell v. Petzold*, 17 Mo. App. 673. We had occasion to say in the case last mentioned: "Where a tenant for years holds over with the consent of his landlord, his tenancy will be one from year to year, or for a shorter period, according to the intention of the parties. Such intention should in each

case be found and determined as a question of fact, by the triers of the fact, and in so doing they may take into consideration the character of the property, and the use to which the same is to be put, as well as the periods at which the rent is to be paid.'' It will be thus seen that, whether we treat the evidence as showing a new parol lease, or as establishing a holding over under the old lease, the court was in either event justified in finding from the evidence that the defendants, after the expiration of the old lease, became tenants from year to year, unless the character of the property let was such as to bring it clearly within the provisions of the statute of 1869. R. S. 1879, sec. 3078.

That part of the section bearing on the present controversy is as follows: '' All contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing, signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party, or his agent, one month's notice, in writing, of his intention to terminate such tenancy.''

In construing this section in *Withnell v. Petzold, supra,* we held that it covers those cases only, where the building is let *eo nomine,* or is the essential object of the letting. In that case the buildings were owned by the lessor, and mentioned in the lease, but the essential object of the letting was a park within the city, containing nine acres. In *Drey v. Doyle,* 28 Mo. App. 256, we reasserted the same proposition, but held the tenancy to be a monthly tenancy, because the essential object of the letting was a building. Now, in the case at bar, it is not pretended that the lessor owned the buildings at all. They were erected by Kronenberg, the first lessee, rebuilt and extended by his

successors, the defendants, and the lease was of the ground and not of the buildings, which it is conceded were the exclusive property of the lessees. Hence it is apparent that the statute of 1869 can have no application.

It results from the foregoing that neither of the errors assigned by the defendants is well assigned. All the judges concurring, the judgment is affirmed.