EDMONSTON, Respondent, v. WEBB et al., Appellants.

St. Louis Court of Appeals, May 22, 1906.

'LANDLORD AND TENANT: Parol Lease: Tenancy from Month to Month.  A parol agreement to rent a vacant town lot for an indefinite term, where the lot was not to be cultivated, but was used as a site for a real estate office erected by the tenant, was a tenancy from month to month under section 4110, Revised Statutes of 1899.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED AND MODIFIED.

*O. L. Haydon* and *H. D. Green* for appellants.

We submit that said parol agreement for written lease and the placing of appellants in actual possession of the leased premises and payment of rent created a tenancy from year to year. (Scolley v. Murray, 34 Mo. 420, 86 Am. Dec. 116), and can only be terminated by the landlord giving sixty days' written notice as provided in section 4109, Revised Statutes 1899. Verbal letting of agricultural land for a period of years, though invalid as a letting for a term of years, is, on the tenant taking possession of the property, a tenancy from year to year. Hosli v. Yokel, 58 Mo. App. 169; Delaney v. Flannigan, 41 Mo. App. 651; Withnell v. Petzold, 17 Mo. App. 669; Kerr v. Clark, 19 Mo. 132; Ridgeley v. Stilwell, 25 Mo. 570, 28 Mo. 403.

*Livingston & Burroughs* for respondent.

(1) A lease for an uncertain term creates only a tenancy from month to month or an estate at will and may be terminated by either party upon giving thirty days' notice in writing. Smith v. Smith Bros., 62 Mo. App. 596; Corby v. McSpadden, 63 Mo. App. 648. (2) Tenancies in cities and towns not in writing is a tenancy from month to month. Combs v. Midland Trans. Co., 58 Mo. App. 112; Withnell v. Petzold, 104 Mo. 409, 16 S. W. 205.

GOODE, J.—Unlawful detainer for a lot or parcel of land in the town of Pomona, Howell county, Missouri. The dimensions of the lot are not disclosed, but it was part of a city block. In November, 1903, the

ground was owned by William Pitts, who at that time entered into an agreement with the defendants, who compose the firm of the Pomona Real Estate Company, to lease the land to them for a period which was not definitely determined, and at a rental of fifty cents a month or six dollars a year. In the conversations regarding the lease, it was agreed that the letting should be by a written instrument, Pitts expressing a willingness to make the term from one year to ten years at the option of defendants. It was further agreed that H. D. MacKay should draft the instrument. The negotiation was between the defendant Webb, and Pitts. During one of their talks Pitts called MacKay and stated to the latter that he was about to lease the property to defendants and wanted him to draw up the lease. Pitts said the rent would be six dollars a year and Webb remarked that he wanted the privilege of five years, to which Pitts answered; "Very well; five or ten years, or as long as the rent is paid." Pitts asked MacKay to look at the property and the latter said that when he got a description of it he would write the lease. No one called on MacKay to write it until May, 1904, after Pitts had sold the property to Mrs. Edmonston, the plaintiff. When defendants learned of the sale, they requested MacKay to draw the lease according to the conversation he had heard between Pitts and Webb. Two or three days afterwards MacKay prepared an instrument and gave it to defendants; but it never was executed. The defendant Cottrell was opposed from the first to taking possession until a written lease was given, but Webb declared he could handle Pitts. The failure to enter into a writing appears to have been due to Webb, for Pitts drew two leases and presented them for execution. One was for one year and one for a blank term, the blank space to be filled so as to make the term whatever period defendants desired. Both leases provided that defendants should have the right to remove any improvements they

might erect on the premises, and in other respects appear to have embodied the terms agreed on between Pitts and Webb. After defendants went into possession they erected a frame building on the lot for a real estate office. This was the purpose for which the ground was rented and was in contemplation from the first. After Mrs. Edmonston purchased the lot, which she did knowing that defendants were in possession under a verbal contract with Pitts, she gave written notice to terminate the tenancy and demanded possession of the premises on December 1, 1904; that is, about one year from the time defendants took possession. On the trial in the circuit court, whence the cause had been appealed from a justice of the peace, the issues were found by the court for plaintiff, the value of the monthly rents and profits of the premises fixed at fifty cents and judgment given in favor of plaintiff for possession and three dollars damages and fifty cents a month rent from April 1, 1905, until possession was obtained by plaintiff. It was further ordered that defendants be permitted to remove the house built on the premises, within sixty days from April 1, 1905. The right of removal was conceded by plaintiff. Defendants appealed.

On this appeal defendants contend that they were tenants of the ground from year to year and not from month to month; because, though situate in a town, the ground had no building on it when it was leased and, therefore, the statute which provides that all contracts not in writing, for the leasing of buildings in cities, towns and villages, shall constitute tenancies from month to month, does not apply. [R. S. 1899, sec. 4110.] The statute invoked by defendants as applicable to the case, is the one requiring sixty days' notice in writing to terminate a tenancy from year to year. [R. S. 1899, sec. 4109.] No doubt this contention would be correct if the property was rural instead of urban. A parol letting of agricultural land creates a tenancy from

year to year. [Kerr v. Clark, 19 Mo. 132; Hammon v. Douglas, 50 Mo. 435.] Defendants say the same rule governs when a town lot on which there is no building is demised; and a strict reading of the statute which deals with verbal contracts for the leasing of town property, would support the position; for the language is that "all contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing, signed by the parties thereto, or their agents, shall be taken and held to be tenancies from month to month." In several cases determined by this court, the statute was interpreted to apply only to leases, the main object of which was a building, and not to apply if there was no bulding on the premises let, or a building which was taken by the lessee merely as an incident of the lease, the essential subject-matter being the ground itself. [Withnell v. Petzold, 17 Mo. App. 669; Drey v. Doyle, 28 Mo. App. 256; Delaney v. Flanagan, 41 Mo. App. 651.]

In Withnell v. Petzold the statute was held not to determine the character of the tenancy of a parcel of ground in St. Louis, including about nine acres, on which there were some buildings, because the purpose of the lease was to obtain the ground, which was designated as a park and to be used as a place of recreation.

In Drey v. Doyle, the statute was held applicable because the chief object of the lease was a building.

In Delaney v. Flanagan, wherein the demised lot had no building on it at the date of the lease, but some buildings were erected subsequently by the lessee, the contract was held not to be governed by the statute regarding tenancies of buildings in a city. The facts of that case were like those of the case at bar, and if the authority of the decision then given had not been impaired, we would be controlled by it.

The case of Withnell v. Petzold was carried to the

Supreme Court by an appeal from a judgment subsequent to the one reversed by this court. The Supreme Court held that the statute making parol tenancies in towns run from month to month was intended to govern leases of city property unless the land leased was used for agricultural purposes; that parol leases of tilled lands are construed to run from year to year in the interest of agriculture. The opinion does not say that agricultural land in towns is exempt from the operation of the statute; for that point was not involved in the decision. The import of the opinion is that a tenancy of city propery under an unwritten agreement is within the force of the statute and a tenancy from month to month, though the chief object of the lessee in making the agreement was to obtain the use of the ground and not of a building. In the present case we know nothing of the size of the leased lot. There was no building on it when defendants took possession, but their intention was to erect one for use as a real estate office. There was no intention to cultivate the ground. We consider that the decision of the Supreme Court in Withnell v. Petzold controls the present case and that under it defendants' term ran from month to month.

The judgment is, therefore, affirmed, with a modification permitting the defendants to remove the building they put on the lot in sixty days from the date of this decision. All concur.