Gunn. et al. v. Sinclair.

————o————

THOMAS GUNN, *et al.*, Respondents *vs.* WILLIAM SINCLAIR, Appellant.

1. *Landlord and tenant—Monthly tenancy—Notice of termination.*—In order to terminate a tenancy from month to month, the required notice must be given at or before the termination of the current month.

2. *Constable—Sales—Leaseholds having less than three years to run.*—A leasehold having less than three years to run, can be sold under an execution from a Justice of the Peace.

3. *Husband and Wife—Leasehold, ownership of—Sale in invitum.*—A leasehold, of which the wife is merely the legal owner, belongs by marital right to the husband, and can be sold *in invitum* proceedings against him.

4. *Landlord and tenant—Leasehold—Purchase by tenant.*—When a tenant purchases the leasehold of his landlord at an execution sale against his landlord, he thereby extinguishes the tenancy. [W. S., 880, § 15.]

5. *Forcible entry and detainer, statute of—Appeal bond—Judgment against sureties.*—The statute concerning forcible entry and detainer does not contemplate a judgment on the appeal bond against the principal and sureties, as in ordinary appeals from justices of the peace. If the bond be not complied with, it may be sued on, but a summary judgment in the same suit has not been provided for.

| | |
|---|---|
| 52 | 327 |
| 32a | 427 |
| 52 | 327 |
| 42a | 354 |
| 52 | 327 |
| 46a | 231 |
| 46a | 634 |
| 52 | 327 |
| 49a | 376 |
| 52 | 327 |
| 58a | 115 |
| 58a | 208 |
| 52 | 327 |
| 67a | 195 |
| 52 | 327 |
| 76a | 508 |
| 52 | 327 |
| 87a | 413 |
| 87a | 414 |
| 52 | 327 |
| e166 | 177 |
| 91a | 559 |
| 52 | 327 |
| 97a | 5 321 |

*Appeal from St. Louis Circuit Court.*

*W. H. Horner and Daniel Dillon,* for Appellant.

I. Defendant was entitled to one month's notice in writing of the intention of his landlord to terminate the tenancy. (2 W. S., 879, § 13.) The notice should have been given at least one month before the termination of some regular month of the tenancy. (1 Wash. R. P., (3rd Ed.) 525, § 18; Coote L. & T., 353, 354; 1 Furlong, L. & T., 587; Kemp vs. Denett, 3 Camp., 510; Baker vs. Adams, 5 Cush., 99; Prescott vs. Ellen, 7 Cush., 346; Sandford vs. Harvey, 11 Cush., 93; Anderson vs. Prindle, 23 Wend., 616; Wright vs. Masher, 16

How. Pr., 54; People, *ex rel.*, Botsford vs. Darling, 47 N. Y., 666; Prickett vs. Ritter, 16 Ill., 96; Seems vs. McLees, 24 Ill., 192.)

II. The notice must indicate the time when the tenancy expires. (1 Wash. R. P. (3rd Ed.,) 525, § 17; Currie vs. Barker, 2 Gray, 224; Willard vs. Barker, 2 Gray, 336; Hultain vs. Muengle, 6 Allen, 220; Wright vs. Masher, 6 How. Pr., 454; Huyser vs. Chase, 13 Mich., 98; Woodron vs. Michard, 13 Mich., 187.)

The tenancy would terminate on the tenth of the month, whereas the notice in this case stated that the tenancy expired on the 1st of November. This was clearly fatal. (Sandford vs. Harvey, 11 Cush., 93; Anderson vs. Prindle, 23 Wend., 616.)

III. Thomas Gunn alone, as between him and his wife, was entitled to the possession, and he alone could properly bring such an action. His wife was an improper party and her joinder was fatal. 1 Chitty's Pleadings, (14th, Am. Ed.,) 33.

IV. Judgment against the sureties on the recognizance for appeal from the justice, was improper.

There is nothing in the statute in reference to unlawful detainer, that authorizes such a judgment. (1 W. S., 653, § 33.)

This statute in reference to forcible entry and detainer and unlawful detainer is strictly a special one in derogation of the Common Law and penal in its nature, and must be construed strictly, and in the particulars in which the legislators intended that the statute in reference to ordinary civil actions before justices, should apply to cases under this statute, they expressly said so. (1 W. S., 653, § 34.)

V. The judgment being an entirety, if erroneous as to one is erroneous as to all. (Cov. Mut. L. Ins. Co. vs. Clover, *et al.*, 36 Mo., 392.)

*James M. Loring*, for Respondent.

I. The notice given of the termination of the lease was sufficient. (1 W. S., 879, § 13.)

The date of the service of the notice will be the day from which the month will begin to run, if no time is fixed in the notice itself. (1 Washburn on Real Property, 525–526, 3rd, Ed.; Burns vs. Bryant, 31 N. Y., 453.)

If the time is so indicated that the party notified will not be misled, the notice will be sufficient. (1 Washburn on Real Property, 526, § 20, 3rd Ed.; Smith, Landlord and Tenant, 237; Doe vs. Mophelt, 7 Q. B., 577; Sanford vs. Harvey, 11 Cush., 93; Doe vs. Kightley, 7 T. R., 59; Doe vs. Smith, 5th, A. & E., 350; Doe vs. Magher, 139; Granger vs. Brown, 11 Cush., 191.)

II. A provision authorizing the levy and sale of leaseholds of less than three years, *by constables*, cannot be found anywhere in the statutes, and the existence of a positive statutory provision cannot be inferred by implication.

It is not within the scope of the constable's authority to meddle with real estate of any description.

III. The judgment against the sureties on the recognizance for appeal from the justice, was correct. (W. S., 653, § 33; 851, § 23.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of unlawful detainer for a house and lot in the City of St. Louis.

The plaintiffs were husband and wife. The wife held a leasehold of less than three years to run, on the property in dispute. It was not separate property secured to her use, but simply stood in her name as legal property.

The defendant on the 10th of February, 1870, entered into possession of the property, under a verbal subletting of the property from month to month. The rent was payable on the 10th of each month, and had been so paid up to the 10th of October, 1870. On the 12th of October, 1870, the plaintiffs served the defendant with notice to quit, and afterwards on the 25th of November, 1870, demanded the possession of the premises in writing, and commenced this suit before a Justice of the Peace on the 28th of November, 1870. On the first

day of October, 1870, the leasehold of plaintiff was sold at constable's sale under an execution against the plaintiff, Thomas Gunn, and the defendant bought it at such sale, and took a bill of sale from the constable.

The plaintiff recovered a judgment before the Justice, from which the defendant appealed to the Circuit Court, where the plaintiffs again had judgment against the defendant and his securities in the appeal bond.

This judgment is in the form prescribed by the statute for such judgments before Justices of the Peace. The defendant appealed to the General Term, and the judgment at Special Term was affirmed, and the defendant has appealed to this court.

1. The first question presented by the record is the sufficiency of the notice to quit.

This was a letting by the month, and from month to month, and no time was fixed for the determination of the lease. In such cases our statute, (2 W. S.,879, § 13,) requires a month's notice in writing to the person in possession to quit. This statute declares, that "All contracts or agreements for leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing, signed by the parties thereto or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party, or his agent, one month's notice in writing of his intention to terminate such lease."

It is plain from the language of this section, that such a lease can only be determined at the end of the month. Neither party can arbitrarily fix a time for the termination of the tenancy. If either party desires to terminate the tenancy, he must give a month's notice of his intention. If he suffers a new month to commence, he cannot terminate the tenancy till the end of the next month, and in order to do so, he must give the required notice at or before the end of the current month. This seems to be the settled law in regard to such tenancies. (See Prickett vs. Ritter. 16 Ill., 96; Baker vs.

Adams, 5 Cush. (Mass.,) 99; Prescott vs. Elm, 7 Cush., 346; Sanford vs. Harvey, 11 Cush., 93; 1 Washburn's Real Prop., 525, § 18.)

Under this view, the notice given in this case being on the 12th of October, 1870, after the commencement of a new month, was not sufficient to terminate the tenancy in a month from that date, and if it could do so at all it could not have that effect before the 10th of December, 1870. And therefore when this suit was commenced, there was no unlawful detainer.

2. The next question presented is, whether the execution sale by the constable transferred the plaintiff's leasehold to the defendant.

An execution on a judgment rendered in a Justice's court, is required to be levied on the goods and chattels of the defendant. The word chattels at common law comprehended terms of years as well as movable goods. And if there was nothing in the statute to restrict this common law definition, an execution from a Justice of the Peace might be levied on terms of years of any duration. But our statute concerning executions, (1 W. S., 606, § 17,) provides, that "Every lease upon lands for an unexpired term of three years or more, shall be subject to execution and sale as real property, and shall not be subject to sale upon and by virtue of an execution issued by a Justice of the Peace."

By this restriction chattels consisting of leaseholds, can be sold at constable's sale, only where the leasehold is for less than an unexpired term of three years. The leasehold in this case had less than three years to run.

It belonged to the husband, by virtue of his marital rights, and was subject to his disposal at any time during coverture. If he could dispose of it himself for his own benefit, it was surely subject to the payment of his debts.

3. After the defendant had purchased this leasehold, in what attitude did he stand towards the plaintiffs? If a stranger had bought the leasehold at execution sale, could he not have attorned to such stranger? This in my judgment is the true in-

terpretation of the second clause of section fifteen of our Landlord and Tenant Act, (2 W. S., p. 880.) It contemplated a sale under execution or under a deed of trust, and not under a deed of trust only, as was intimated by Judge Holmes in Pentz vs. Kuester, 41 Mo., 447. The point was not before the learned judge in that case, and his intimation was a mere *obiter dictum*, which no doubt upon due consideration, he would have corrected. The language used in the statute referred to, plainly indicates a sale under execution as one of the modes of divesting the lessor's estate. If it had been confined to the execution of a trust deed, the preposition " in " instead of " under " would have been the only appropriate prefix. I do not see any good reason, why a sale " *in invitum* " should not be such a transfer, or assignment of the lessor's interest, as to warrant a suit by the assignee under the forcible entry and detainer law.

If a lessee can attorn to a stranger purchasing under execution, he thereby becomes his tenant, and cannot be subject to two separate landlords.

In the case under review, the purchaser himself was the tenant, and as he could not attorn to himself, his purchase must have the effect of extinguishing the tenancy.

4. This suit was commenced against husband and wife, but the judgment in the Circuit Court was against the husband alone. The wife was improperly joined, and her name ought to have been stricken out, but as there was no judgment against her, this error was immaterial.

5. The statute concerning forcible entry and detainer does not seem to contemplate a judgment on the appeal bond against the principal and sureties, as in ordinary appeals from Justices of the Peace. There is no provision in the statute authorizing such a judgment in the pending suit.

It is more in the nature of an appeal bond, where a case is taken to the Supreme Court ; such bond may be sued on, if it be not complied with, but a summary judgment in the same suit has not been provided for. (See Keary vs. Baker, 33 Mo., 603.)

Judgment reversed and cause remanded. The other judges concur.