## HULETT v. NUGENT, *Appellant.*

1. **Unlawful Detainer**: JUDGMENT MUST NOT RUN AGAINST SURETIES IN APPEAL BOND: PRACTICE.. A judgment in the circuit court in an action of unlawful detainer in favor of the plaintiff, should run against the defendant alone, and not against the sureties in his appeal bond given in the justice's court. If it includes the latter, since a judgment is an entirety, it will be reversed *in toto* by the Supreme Court.

71 131.
58a 115.
71 131
126 94
71 131
162 96

2.  **Practice in Supreme Court**: EVIDENCE: MOTION FOR NEW TRIAL. The Supreme Court will not inquire into the correctness of the action of the trial court in ruling on questions of evidence, unless the question is presented by the motion for new trial.

3.  **Summons, Appearance waives Insufficiency of.** A defendant, by appearing and defending the suit, waives all objections to the sufficiency of the summons.

4.  **Landlord and Tenant**: IMPLIED ACCEPTANCE OF TERMS OF TENANCY. Where a landlord sends his tenant already in possession a written permit to remain for two years longer, free of charge, and the tenant receives the same and remains without notice to the landlord that he declines the terms offered, he will be deemed to have accepted them, and upon the expiration of the term may be dispossessed without notice to quit.

*Appeal from Clark Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

REVERSED.

*Givens & McKee* for appellant.

*Matlock & Hiller* and *Ben. E. Turner* for respondent.

NAPTON, J.—This was an action for the unlawful detainer by defendant of eighty acres of land belonging to plaintiff, brought on the 12th day of November, 1875. The summons required the defendant to " appear before the undersigned justice of the peace, within and for said county of Clark, at Peaksville, in said county on, &c.". A judgment by default was rendered by the justice, after which the defendant made a motion to set it aside, which was overruled. Appeal was taken to the circuit court, where the defendant appeared, but, as he says, only for the purpose of making a motion to dismiss, which he did on the ground that the writ of summons did not name any place for the appearance of defendant. This motion was overruled and the suit was tried by a jury. The plaintiff introduced evidence to show that he entered into a contract with defendant, which allowed defendant to remain in possession of the farm for two years from October

14th, 1872; that it was in writing; that it was in these words: "Know all men by these presents, that I, Joseph Hulett &c., have this day leased to James Nugent the east half &c., for the term of two years," signed by plaintiff and dated October 14th, 1872. The defendant offered evidence to show that there was no contract between them, and that he refused to sign the one sent to him by plaintiff. There was also some evidence offered by defendant in regard to improvements he had made on the land prior to the fall of 1872, which was rejected by the court as irrelevant.

After the evidence was closed the court, at the instance of the plaintiff, gave the jury the following instructions: 1. If the jury believe from the evidence that on or about the 14th day of October, 1872, plaintiff and defendant entered into an agreement for the lease of the lands in controversy for two years, from the 14th day of October, 1872, to the 14th day of October, 1874, and that defendant directed plaintiff to execute said lease and leave it with Thos. Calvert for him, and that in pursuance of such agreement the plaintiff did execute said lease and leave it with said Calvert for defendant, then the delivery of the lease to Calvert was delivery to his principal (Nugent), and he is estopped from denying his tenancy under said lease; and if they believe said tenancy has expired under said lease, they will find for the plaintiff.

2. If the jury believe from the evidence in the cause that defendant leased the land in controversy from Hulett, on the 14th day of October, 1872, and that said lease was to expire at a time fixed in said lease, two years from the 14th day of October, 1872, and that defendant willfully and without force held over said lands after the termination of the time for which they were demised or let to him, then the jury will find for plaintiff.

3. If the jury believe from the evidence that in October, 1872, plaintiff and defendant entered into an agreement for a new lease of the lands in controversy, and that

defendant authorized plaintiff to draw a lease or permit in writing and to deliver it to Thos. Calvert for him, and that said lease or permit was in fact drawn up in writing by plaintiff and delivered to Calvert for Nugent, then the delivery of the lease to Calvert was delivery to his principal, (Nugent,) and he is estopped from denying his tenancy under said lease.

The court refused to give the following instruction asked by the defendant: If the jury believe from the evidence that a lease was written and signed by the plaintiff, and that the same was sent to defendant, Nugent, who refused to sign or accept the same, then the jury will find for defendant.

The jury found for the plaintiff and the court gave judgment in his favor against the defendant for restitution of the premises, for damages for their unlawful detention and for the monthly value of the rents and costs, and also against the sureties in the appeal bond for the damages, monthly rents, and costs.

This judgment must be reversed because it is against the securities as well as the principal on the appeal bond, *Gunn v. Sinclair*, 52 Mo. 332; *Keary v. Baker*, 33 Mo. 603, and as it is an entirety, must be reversed as to the defendant also. *Covenant Mut. Life Ins. Co. v. Clover*, 36 Mo. 392; *Smith, Admr., v. Rollins*, 25 Mo. 411; *Rush v. Rush*, 19 Mo. 441.

1. UNLAWFUL DE-TAINER: judgment must not run against sureties in appeal bond: practice.

As to the exclusion of certain evidence offered by defendant, it cannot avail in this court, since it is not one of the objections stated in the motion for a new trial. *Carver v. Thornhill*, 53 Mo. 283; *Cowen v. St Louis & I. M. R. R. Co.*, 48 Mo. 556; *Saxton v. Allen*, 49 Mo. 417.

2. PRACTICE IN SU-PREME COURT; evidence: motion for new trial.

There is no dispute as to a proper service of the summons in the case, but an objection to it was made that " at Peaksville " was not a sufficiently specific designation of the place. Nothing is shown as to the size of Peaksville, or any difficulty in finding the

3. SUMMONS, AP-PEARANCE WAIVES INSUFFICIENCY OF.

office where the justice transacted his official duties; but be that as it may, the defendant seems to have found no difficulty in reaching it after the trial, and moving to set aside the judgment by default, and when overruled, in taking an appeal. And when the case came up in the circuit court, although he professed to appear only to object to the summons, after his objections were overruled, he went on with the trial and took the chances with the jury and court. If there was any defect in the writ, he waived it. *Rippstein v. St. Louis Mut. Life Ins. Co.*, 57 Mo. 87; *Fugate v. Glasscock*, 7 Mo. 577; *Cannon v. McManus*, 17 Mo. 345.

The propriety of the instructions given is not seriously disputed. True, it is urged that the first should have been so modified as to confine the expiration of the lease to a time before the commencement of the suit; but it was apparent that the suit was not brought until more than three years elapsed after the written or oral permission, or lease as it is termed, was given to defendant.

It is also objected to the second instruction that the lease, being for a term of years and not in writing, should

4. LANDLORD AND TENANT: implied acceptance of terms of tenancy. be construed as a lease from year to year, and required three months notice to terminate it. The writing sent to defendant was a permission to him, then in possession, to stay for two years longer, and it might be construed as a notice to quit after the expiration of the two years. It was a simple permission. No rent was exacted, or any duties on his part required, and therefore the instruction asked by defendant was properly refused. The signature of defendant was not required, and his acceptance was indicated by his continuance in possession, without any notice to plaintiff that he declined the possession under the terms offered.

As to the preponderance of evidence, it is useless to cite authorities that this court will not interfere in conflicts of evidence. There is, then, no error of the circuit court except in giving judgment against the securities on the appeal bond. We could enter the proper judgment here,

but we think it would be more convenient to both parties to remand the case with directions. to the circuit court to enter judgment against the defendant alone in accordance with this opinion. Judgment reversed and case remanded.