CHARLES W. RUSSELL, Respondent, v. JORDAN R. McCARTNEY, Appellant.

Kansas City Court of Appeals, April 19, 1886.

1.  LANDLORD AND TENANT—TERMINATION OF TENANCY—CONSTRUCTION OF SECTION 3078, REVISED STATUTES.—When a lease is for a determinate time, as during a partnership, when the partnership ceased, the lease would likewise cease, and no notice to quit is necessary, notwithstanding the tenancy may have been from month to month, under the provisions of section 3078, Revised Statutes.

2.  ——— PRACTICE—PLEADING—UNLAWFUL DETAINER.—There is no reason for exempting actions of unlawful detainer from the rule that one's case must be put in the statement or petition as it exists, in order to avoid a failure of proof.

3.  ——— NOTICE UNDER SECTION 3078, REVISED STATUTES.—Under section 3078, Revised Statutes, where the tenancy begins on a particular day, the notice must be to terminate on the corresponding day of the *succeeding* month. "If he (the landlord) suffers a new month to commence, he cannot terminate the tenancy until the end of the next month, and, in order to do so, he must give the required notice at or before the *end of the current month.*" 52 Mo. 327.

APPEAL from Clinton Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

S. H. CORN, for the appellant.

I.   The complaint does not state facts sufficient to constitute a cause of action.   If framed for an unlawful detainer, under section 2420, Revised Statutes, it should allege a contract and state the *time* when the term expired.   If for a wrongful entry and detainer, as provided for in the *second* clause of said statute, the *entry* must have been pleaded.   In either case the time when the act was done should be stated.   *Tipton v. Swayne,*

4 Mo. 98; *Andria v. Heinritz,* 19 Mo. 310; *Alexander v. Westcott,* 37 Mo. 108. The statute (sect. 2433, Rev. Stat.) requires the plaintiff to support his claim by proof, and the *detainer,* or the *entry and detainer,* should be alleged in the complaint. *Scott v. Robards,* 67 Mo. 289; *Pier v. Heinrichoffen,* 52 Mo. 333.

II. The relation of landlord and tenant between plaintiff and defendant did not exist. The contract was one of partnership; it vested no estate in defendant in the premises; created no term, was not a demise and letting of the premises, as the statute contemplates so as to make the action of unlawful detainer applicable. The use was partnership property, the occupancy was by the firm, neither was landlord or tenant to the other.

III. If the contract created a tenancy from month to month, the suit was prematurely brought. Plaintiff could only terminate the tenancy at the end of the monthly terms. Rev. Stat., sect. 3078; *Hammon v. Douglas,* 50 Mo. 442.

IV. Plaintiff cannot recover a greater sum for damages than is alleged in his complaint. The recovery was for more than four times that amount. *Moore v. Dixon,* 50 Mo. 424.

THOS. E. TURNEY and A. J. ALTHOUSE, for the respondent.

I. The complaint is sufficient. It contains all the material averments required by the statute. Rev. Stat., sect. 2423; *Alexander v. Westcott,* 37 Mo. 108; *Ish v. Chitton,* 26 Mo. 256; *Silvey v. Summer,* 61 Mo. 257.

II. The legal effect of the agreement between McCartney and Russell was that Russell rented the premises to the firm, and the renting was to continue for a time certain, until the dissolution of the partnership. It authorized the firm to occupy the barn, and when the partnership ceased, the agreement ceased also. Plaintiff was then entitled to the possession of the barn. Rev. Stat., sect. 3079; *Silvey v. Summer,* 61 Mo. 257. Sec-

tion 3078, Revised Statutes, has no application to leases having a definite time to run. Rev. Stat., sect. 3079. The relation of landlord and tenant existed between Russell and the firm. Occupancy by the firm and payment of rent to Russell would create the relation by implication. *Chapin v. Foss*, 75 Ill. 280.

III. If the relation of landlord and tenant existed, it was between Russell on the one part and the firm on the other, and in that case no notice to quit was necessary. If it did not exist at all, then no notice to quit was necessary.

IV. The evidence as to the rental value of the premises covered the whole time they were occupied by McCartney alone, not only in October, but also at the time of the trial. This was what Russell was entitled to. The damages were assessed at the lowest figure.

V. The judgment is warranted by the complaint. The statement of the amount is unnecessary and was surplusage. Steph. Pleading (3 Am. Ed.) 364; *Silvey v. Summer*, 61 Mo. 253.

ELLISON, J.—Plaintiff and defendant entered into a co-partnership in the livery stable business in the town of Cameron. Plaintiff was the owner of a barn which the firm was to occupy, beginning the occupancy on July the eighth, the rental value being fixed at twenty-five dollars per month, of which defendant was to pay plaintiff $12.50. Defendant was the owner of the stock and "outfit," and until plaintiff paid him one-half the value thereof, he was to receive ten per cent. interest on one-half the value. The parties do not agree as to the manner in which the barn was held. Defendant denies there was the relation of landlord and tenant existing between them and maintains that the barn, or the use of the barn, was partnership property, to be held by the partnership, so long as the partnership existed and thereafter for a time sufficient to wind up the partnership affairs. Neither do they agree as to the length of the tenancy or occupation. The plaintiff contends the tenancy ceased under the agreement at the date of the

dissolution of the partnership, September 21, 1882 ; that under the agreement the tenancy ended at that time, and no notice to quit was necessary. Defendant claims the tenancy, not being in writing, fell under section 3078, Revised Statutes, and that he should have received one month's notice to quit.

If the lease was to be co-extensive with the partnership, when the partnership ceased, the lease would likewise cease, and no notice to quit would be necessary, notwithstanding the tenancy may have been from month to month, under the provisions of section 3078. *Johnson v. Hartshorn*, 52 N. Y. 173, 176.

The difficulty, however, in sustaining plaintiff's case is, that he has brought his action as though the lease had been originally made to defendant, instead of to the firm. He states that defendant wilfully holds possession of the premises "after the termination of the time for which they were demised and let to him, and after one month's notice in writing " to quit the premises. In other words, his statement is in conflict with his testimony and the theory upon which counsel place the case here ; which is that the renting was to the firm for the period of the partnership, requiring no notice to quit. There is no reason for exempting actions of unlawful detainer from the rule that one's case must be put in the statement or petition as it exists, in order to avoid a failure of proof.

If the tenancy be regarded as from month to month, under section 3078, and as requiring a month's notice to quit, plaintiff would still fail, for as the tenancy began on the eighth day of July, the notice must be to terminate on the corresponding day of the succeeding month "If he suffers a new month to commence, he cannot terminate the tenancy till the end of the next month, and in order to do so, he must give the required notice at or before the *end of the current month.*" 52 Mo. 327. The notice in this case was served September 26, and the earliest day it could become effective was November 8, whereas this action was begun November 2. Judgment reversed and the cause remanded. All concur.