H. L. COMBS, Appellant, v. MIDLAND TRANSFER COMPANY, Respondent.

Kansas City Court of Appeals, April 30, 1894.

**Landlord and Tenant:** TENANCY FROM MONTH TO MONTH: EVIDENCE IN WRITING. The renting of buildings in cities, towns and villages must be taken and understood as from month to month unless shown otherwise by a writing signed by the parties; and a writing prepared by one of the parties and sent to the other, but for any reason left unsigned by such other party, is not an agreement made in writing signed by the parties thereto as demanded by the statute.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*J. B. Hamner* for appellant.

This lease was good against plaintiff, and therefore good against defendant, whether signed by lessee or

not, as it had possession of the premises under the lease and of the lease signed by lessor. *Hulett v. Nugent*, 71 Mo. 131. At least it should have been left to the jury to say whether defendant accepted the lease or not, and the court had no right to take it away from them when it was a disputed fact.

*Porterfield & Pence* for respondent.

Under the express terms of the statute which are very plain and need no interpretation, the unsigned lease was not valid or binding upon defendant and the court properly held that defendant was a tenant from month to month. R. S. 1889, sec. 6371; *Withnell v. Petzold*, 104 Mo. 409. Independently of this particular statute, however, the general rule is stated to be that the lease must be signed in some manner by the party to be charged thereby in order to satisfy the statute of frauds. 1 Taylor on Landlord and Tenant, sec. 35; *Clemens v. Broomfield*, 19 Mo. 118. The case of *Hulett v. Nugent*, 71 Mo. 131, cited by appellant, is not in point for several reasons.

GILL, J.—Plaintiff sued the defendant before a justice of the peace for rent of barn in Kansas City, for the months of October and November, 1891, $300. The action was defeated in the justice's court; plaintiff appealed, and on trial in the circuit court a demurrer to the evidence was sustained and plaintiff appealed to this court.

During the month of March, 1891, defendant entered into the possession of the premises with an understanding that it would pay $150 per month, the tenancy beginning April 1, 1891. Coupled with this there were negotiations and an apparent parol agreement for a two years' lease beginning on said April 1. The plaintiff's agent wrote up a lease, signed the name

of his principal and sent the paper to the defendant's office. But it was not signed by the defendant, its officers declining so to do because the plaintiff had not put in certain promised repairs and because the writing did not correspond, as they said, with the oral agreement.

Matters remained in that condition till August 29, 1891, when defendant gave plaintiff written notice that on September 30 it would abandon the premises and terminate the lease. The defendant paid the rent for September and all prior months, and in pursuance of the notice vacated the premises on said September 30.

The evidence made no case for the plaintiff, and the action of the court in giving a peremptory instruction for the defendant was unquestionably correct.

Whatever may have been the rulings of some of the courts on the old statute of frauds, the section of our landlord and tenant statute adopted in 1869, must settle this and all such controversies, "All contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, *not made in writing*, *signed by the parties thereto* or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party, or his agent, one month's notice, in writing, of his intention to terminate such tenancy." R. S. 1889, sec. 6371.

The very purpose of this act was to avoid such controversies as this and to prevent perjury. The renting of buildings in cities, towns and villages must be taken and understood as from month to month unless shown otherwise by a writing signed by the parties. *Withnell v. Petzold*, 104 Mo. 409. A writing prepared by one of the parties and sent to the other, but for any reason left unsigned by such other party, is not an agreement

"made in writing signed by the parties thereto" as demanded by this statute. You can't prove that a tenant had agreed to take the premises (located in a city such as this) for a period of years *except* by a writing signed by him evidencing such agreement. The case of *Hulett v. Nugent*, 71 Mo. 131, was not one coming under the foregoing statute and therefore not applicable to this controversy.

The defendant then was a tenant from month to month and had the right to terminate the same by giving to the plaintiff, or his agent one month's notice in writing of its intention to terminate such tenancy. And such notice was given. The testimony without question shows, that on August 29, during the currency of that rental month, defendant served the plaintiff's agent with written notice that the tenancy would be terminated with the last day of the succeeding rental month, to wit, September 30, 1891. This was a compliance with the statute. *Gunn v. Sinclare*, 52 Mo. 327; *Drey v. Doyle*, 99 Mo. 459.

The judgment will be affirmed. All concur.