WILLIAM J. LEAHY, Respondent, v. BEN LUBMAN, Appellant.

Kansas City Court of Appeals, May 4 and June 15, 1896.

1. **Landlord and Tenant**: NOTICE TO QUIT. A notice given on the thirty-first of May to quit within thirty days and not later than June 30, on which date the month of the tenancy expired, is sufficient, and the tenant should quit at the end of the day of June 30.

2. **Forcible Entry and Detainer**: PARTIES: TRUSTEES OF EXPRESS TRUSTS. A lessee who holds a lease for the benefit of another is a proper party to maintain unlawful detainer against the sublessee.

3. ———: HOLDING OVER: DEMAND. No demand is necessary of a lessee holding over after the time for which the premises are let to him.

4. ———: DAMAGES: INSTRUCTIONS. An instruction to find the reasonable rental value during the time the premises were occupied is not subject to criticism, and a complainant in unlawful detainer is not confined in his damages to the contract price per month.

5. ———: ———: ———. A lessee suing his sublessee in unlawful detainer can recover the rents up to the time of the verdict even though plaintiff's time had expired before the verdict.

6. ———: OUSTER: APPEAL: RESTITUTION. After defendant in unlawful detainer had been ousted by the sheriff, he appealed and gave a *supersedeas* bond and the court ordered the sheriff to restore to him the premises. *Held*, proper.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*L. H. Waters* and *Frank B. Case* for appellant.

(1) The court erred in admitting in evidence the notice to quit. Under section 6371, Revised Statutes, 1889, the renting here constituted a tenancy from month to month, and to terminate the same requires a one month's notice, in writing. The tenant's term began on the first day of each month. The notice does not purport to be a month's notice but a thirty days' notice, requiring defendant to quit on June 30. Under the tenancy defendant was entitled to remain one full month after notice. As his term commenced June 1 he was lawfully entitled to remain all of the month of June, and a notice to quit on any day in June was not a month's notice. Suit was brought July 3. The notice was clearly insufficient. *Rollins v. McCartney*, 21 Mo. App. 544; *Gunn v. Sinclair*, 52 Mo. 327. (2) The court erred in giving instruction number 1 on behalf of plaintiff. Under section 1990, the real party in interest must bring the suit. Section 1991 provides that "a trustee of an express trust may sue in his own name." Leahy claimed to be Cartwright's agent and no trust is expressed in the instrument, the lease. An agent can not sue in his own name. *Cornelius v. Smith*, 55 Mo. 533; *Furniture Co. v. Raddatz*, 28 Mo. App. 213; R. S. 1889, secs. 1990, 1991. (3) Leahy could not recover beyond his term. In this instruction the jury are told to assess damages at a reasonable rental for all the time defendant was in possession and did not pay rent, which includes the months of May and June, 1894, and April, 1895. *Finley v. Magill*, 57 Mo.

App. 481; *Kelley v. Clancy*, 15 Mo. App. 519, 530, 531. (4) The court will observe on reading the lease to Leahy that there is nothing said in the lease indicating that he holds under it as trustee for Cartwright, and consequently he is not a trustee of an express trust. Express trusts are those which are created in express terms in the deed, writing, or will. *Furniture Co. v. Raddatz*, 28 Mo. App. 213; Bouv. Dict., Trusts; *Cornelius v. Smith*, 55 Mo. 528, 533; R. S. 1889, sec. 8833; *Thompson v. Conant*, 52 Minn. 208; Perry on Trusts, sec. 24; *Little v. Wilcox*, 119 Pa. St. 439.

*Kagy & Bremermann* for respondent.

(1) Grant that Lubman's tenancy was from month to month, which it doubtless was, and could be terminated only by giving one month's notice, in writing, the notice is sufficient. On May 31, during the currency of that rental month, he was notified to quit within thirty days from that date, not later than June 30, 1894. Plaintiff did not "suffer a new month to begin," as in *Russell v. McCartney*, 21 Mo. App. 544, cited by appellant. Defendant had all of June to get out; he was not told to leave June 30, but that his tenancy would terminate with the end of that day. He was entitled to one month's notice, in writing, which means a calendar month. R. S. 1889, sec. 6570; *Combs v. Transfer Co.*, 58 Mo. App. 112. (2) The undisputed evidence is that this contract between Kansas City and plaintiff was made in the name of the plaintiff, for the benefit of Cartwright. Leahy, then, by the terms of the statute is a trustee of an express trust, and was authorized to bring this suit in his own name for Cartwright, which the undisputed evidence shows he did. *Ellis v. Harrison*, 104 Mo. 227; *Fur-*

*niture Co. v. Raddatz,* 28 Mo. App. 210.    (3) The statute provides for the recovery of damages and the value of the monthly rents and profits.    R. S. 1889, sec. 5103. (4) The written demand for possession is only required in the state of case last named and is not required in either of the other two cases.    *Young v. Smith,* 28 Mo. App. 68;    *Andrae v. Heinritz,* 19 Mo. App. 311; *Anderson v. McClure,* 57 Mo. App. 93.

ELLISON, J.—This is an action of unlawful detainer, in which plaintiff recovered judgment in the circuit court.

The property in controversy is a market house stall, number 41, situated with others in the open space immediately around and outside of the market house in Kansas City.    The following, substantially, may be considered the facts:

The property was leased, in reality, for one Cartwright, but taken in the name of plaintiff, who had the control and management thereof for Cartwright.    Its duration was for a year ending March 31, 1894.    It was again leased to plaintiff in the same way for the year ending March 31, 1895.    In November, 1893, defendant rented the stall of the lessee for $8 per month, payable monthly, for the balance of the first term, ending March 31, 1894, as aforesaid.    On May 31, 1894, plaintiff gave defendant notice to quit, on or before June 30, following.

I.    Objection is made to the sufficiency of the notice to quit, which was given to defendant on May 31, 1894.    The notice was in writing, as follows: "You are hereby notified to quit and deliver up to me the possession of the following described premises, now occupied by you of me, to wit,  *  *  *  within thirty days from the date hereof, not later than June 30, 1894."    Defendant's time had expired March 31, 1894,

and he held over during the months of April and May. The statute, section 6371, requires one month's notice, and in this instance the notice is for thirty days, but it so happens that here the calendar month and thirty days are one and the same thing, June containing but that number of days.    The rule is that the notice must be a full month's notice, and that it must not require the surrender of the possession at a time when a new term has begun.    Thus, if the term began on the first of the month, it would not do for the notice to require a surrender of possession on the second of the month succeeding the date of the notice.    The notice in this case was given prior to the commencement of the succeeding month and called for the possession at the expiration of the latter month—that is, on the day when the term would end.    Defendant had the right to hold all of that day, and we construe the notice to mean that he was to give up. the possession with the expiration of that day.    Strictly speaking, the day of the ending of a monthly term, and the beginning of another term, would be at that moment at midnight, when one day ends and another begins.    So it has been held that the proper month's notice is for the term to end on the corresponding day of its beginning.    Thus, if a tenancy began on the first day of the month, a notice to quit on the first day of the month would be sufficient.    *Gunn v. Sinclair*, 52 Mo. 327; *Russell v. McCartney*, 21 Mo. App. 544; *Hart v. Lindley*, 50 Mich. 20; *Waters v. Young*, 11 R. I. 1; *Ackland v. Lutley*, 9 Ad. & E. 879; *Steffens v. Earl*, 40 N. J. L. 128. In the latter case, it was said: "By strict computation, the term set out by the present affidavit probably terminated on the last midnight of July.    I think it would be carrying the rule that a notice to quit must be made with reference to the end of the term, to an illogical and unreasonable length, to hold that a notice given

for the day commencing at that midnight is not a good notice. The law is ignorant of fractions of a day. The notice covers all and any period of the twenty-four hours from midnight to midnight. The very moment the tenancy expires, the tenant is confronted with a direction to quit.    On what "process of reasoning can it be said that a new term has commenced before notice is given."

As before stated, we construe the notice in this case to be a notice to give up the possession on the end of the day of June 30—that is, at *the time* when the monthly term expired.    It is, in effect, the same thing as if it had been a notice to quit on the day corresponding to the beginning of the term; and since the ending of a term and the beginning of a succeeding term must be at the same moment of time, when one day ends and another begins, we think it practical and consistent with reason to hold that a notice to quit at the end of the last day of the term, or at the beginning of the first day of what would be a succeeding term, to be one and the same thing.    And so we held in *Combs v. Midland Co.*, 58 Mo. App. 112, that a notice to quit on the last day of the term was a sufficient notice—it being understood that he should quit at the end of that day.

2.    The lease was made in the name of plaintiff, though for the benefit of Cartwright.    The statute, section 1991, Revised Statutes, 1889, declares that a trustee of an express trust may sue in his own name, and then declares that a trustee of an express trust, within the meaning of the statute, should include a person in whose name a contract is made for the benefit of another.    The action was, therefore, properly brought in plaintiff's name.

3.    Defendant contends that there should have been a demand made for the possession.    By the terms of section 5089, Revised Statutes, 1889, demand must

be made for the possession of property before beginning proceedings in unlawful detainer, where a party wrongfully, without force, by disseizin, obtains possession. But no such demand is necessary where there has been, as in this case, a letting and rightful possession, the lessee holding over after the time for which the premises were let.

4. The court gave an instruction for plaintiff, concerning the measure of damages, which we think is not justly subject to criticism. It directed the jury to find the reasonable rental value during the time they were occupied. By the terms of section 5103, the statute provides for a recovery for any waste or injury, and for all rent due and owing. The rent in this case was $8 per month, but it does not follow that the complainant in unlawful detainer against one holding on beyond his term, should be confined to the sum contracted for, since the contract only fixed the rent for the *time* agreed upon.

5. It is also objected that said instruction authorized the jury to find for the plaintiff the value of the rents due up to the time of the verdict. The statute itself so directs and the instruction must be held unobjectionable unless for the reason that since plaintiff was himself a lessee whose time had expired before the verdict was rendered. The objection made to the instruction covers the idea that plaintiff should not be allowed to recover from the sublessee rents covering the period after the time when his term had expired. The suit was instituted before plaintiff's term had expired and at a time when he was entitled to the possession. During the pendency of the cause, the term for which plaintiff held of the city market master expired. But we can see no reason in this which would excuse a noncompliance with the terms of the statute. What rights the original landlord in such case would

have, or could assert, in the verdict, we are not called upon to say. We have only to give effect to the statute. It was this plaintiff's duty to surrender up to the market master the possession of the property, on the expiration of his term, and he was prevented from doing this by the unlawful detention by defendant.

6.   Plaintiff has prosecuted a cross appeal in the case. It seems that immediately after judgment was rendered for plaintiff by the circuit court, a writ of restitution was issued and executed by the sheriff. That afterward, and within the time allowed by law, defendant appealed the cause and gave a *supersedeas* bond. The court upon the giving of the bond, ordered the sheriff to restore the premises to the defendant—that is, to place him back in possession as he was before being turned out by the sheriff. It is conceded that the court had the power, on proper motion, after due notice, to order the premises restored to defendant, after he gave his appeal bond. But it is urged that the court could not do so, after the sheriff had executed the writ against defendant and returned it executed. We do not think this the proper view. The original writ of restitution having been returned by the sheriff has no bearing on the case. The sheriff, when executing the order of court restoring defendant to the possession taken from him, was not acting under the original writ and had no further connection with it. He was acting under the last order of the court and properly should have had a certified copy of that order in his possession when acting under it. But whether he had or not is not involved here. We discover no error in the court's action, which is involved in plaintiff's appeal, and hence we order the judgment on each appeal to be affirmed. All concur.