AMANDA CORBY, Appellant, v. BRILL BOOK & STATIONERY COMPANY, Respondent.

Kansas City Court of Appeals, November 7, 1898.

1. **Landlord and Tenant:** NOTICE TO TERMINATE MONTHLY TENANCY. Where one of the parties to a monthly renting attempts to terminate the tenancy the written notice must be served on the other party before the beginning of the succeeding or last rental month; and a notice served on the first of June terminating the tenancy on or before July first is insufficent.

2. ——: ——: WAIVER. If the landlord knowing that the notice was intended to terminate the tenancy on a given day waived any objection to its formality, or by his words and conduct led the tenant reasonably and properly to understand that he waived such informality, he can not afterward object that the notice was insufficient.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

JAS. F. PITT for appellant.

(1) A notice by a tenant dated and served on June 1, that he will vacate on July 1, is insufficient to terminate a tenancy from month to month. Gunn v. Sinclair, 52 Mo. 327; Combs v. Trans. Co., 58 Mo. App. 114. (2) Until a sufficient notice is given the tenant is liable, notwithstanding he ceases to occupy the premises. Smith v. Smith Bros., 62 Mo. App. 596. (3) In so far as these instructions submit to the jury the question of a surrender, either by agreement or by operation of law, they are wholly without warrant. Defendant, through its general manager, admitted that there was no agreement, and under such circumstances there would be no surrender even though plaintiff had taken actual possession. Buck v. Lewis, 46 Mo. App. 227.

VINTON PIKE for respondent.

(1) The notice was technically sufficient in respect to termination of tenancy and length of time. The case of Walker v. Sharpe, 14 Allen (96 Mass.), 43, decides the precise point as to time, under a statute having the same meaning and effect as Revised Statutes 1889, section 6371. (2) The law is well established in this state, that a notice may terminate on the day of letting, or rent paying day. Leahy v. Lubman, 67 Mo. App. 191; Drey v. Doyle, 28 Mo. App. 256, 257. (3) But the naked question of the sufficiency of the notice does not necessarily arise in this case. The court is not obliged to put the decision within such narrow limits. The plaintiff could accept the notice as sufficient and waive any irregularity or imperfection in it (Taylor, quoted in Drey v. Doyle, 99 Mo. 471). The supreme court and the St. Louis court of appeals

put their decisions finally upon that ground in the cases between Drey and Doyle. See, also, Am. Dig. 1896, p. 3234.

GILL, J.—This is an action by a landlord to recover $112.50 for the monthly rent of a store room in St. Joseph. The pleadings admit that defendant occupied the building on a tenancy from month to month beginning with April 1, 1897, and that defendant paid the rent for April, May and June. On the first day of June however defendant gave plaintiff written notice that it would vacate the building on or before July 1, 1897. Defendant did abandon the building before July 1 and the keys were taken to and left at the office of plaintiff's agent. This suit was brought for the July rent—it being insisted by plaintiff that the notice served June 1 was not sufficient to terminate the tenancy on July 1, as it was not the one month's notice required by statute. R. S. 1889, sec. 6371.

This contention must be sustained. It is now the settled law of this state, that where one of the parties to a monthly renting attempts to termi-LANDLORD and tenant: notice to nate the tenancy, the written notice must terminate monthly be served on the other party before the tenancy. beginning of the succeeding or last rental month. Gunn v. Sinclair, 52 Mo. 327; Combs v. Midland Transfer Co., 58 Mo. App. 112.

In the case first cited it is said: "If either party desires to terminate the tenancy, he must give a month's notice of his intention. If he suffers a new month to commence, he can not terminate the tenancy till the end of the next month; and in order to do so, he must give the required notice at or before the end of the current month." In the case at bar the new or last month began with the first day of June, while the last day of May was the end of the preceding current

month; the notice therefore should have been given on or before May 31. Hence such notice served June 1 was insufficient.

It does not, however, follow that, because of the technical insufficiency of the notice served on plaintiff she can recover in this suit. Under the circumstances attending and following such notice we think plaintiff should not recover. The evidence establishes a waiver; it shows that within a day or two after the notice was served (which, as already stated, was June 1) plaintiff's agent visited defendant's officers and tried to persuade them to withdraw the notice and to continue their tenancy; made no objection whatever to the sufficiency of the notice (although at the time he knew it) and in effect conceded defendant's right to vacate the premises. The agent offered a reduction in rent, to repair and make such changes in the building as defendant's officers should desire. Plaintiff's agent never even intimated that he considered the notice insufficient until about the last days of June, when the keys were offered him and that after defendant had contracted for and gone into other quarters. In a similar case from Massachusetts, Boynton v. Bodwell, 113 Mass. 531, this pertinent language was used:

"If the plaintiff, knowing that the notice was intended to terminate the tenancy on that day, waived any objection to its formality, or by his words and conduct led the defendant reasonably and properly to understand that he waived such informality, he can not now object that the notice was insufficient." See also Drey v. Doyle, 99 Mo. loc. cit. 470, 471. It was also competent under the pleadings for defendant to prove such waiver. Boynton v. Bodwell, *supra.*

On the undisputed facts, the judgment is for the right party, and will be affirmed. All concur.