JOE C. BERNER, Respondent, v. FRANK D. GEB-
HARDT, Appellant.

St. Louis Court of Appeals, February 12, 1901.

1. Tenant at Will or by Sufferance: NOTICE: STATUTORY CON-
STRUCTION. Section 4110, Revised Statutes 1899, provides that a
tenancy at will or by sufferance, or for less than one year, may be
terminated by the person entitled to possession by giving a month's
notice in writing to the party in possession requiring him to remove.

2. ———: ———: TENANCY IN CITIES, TOWNS AND VILLAGES.
And the same statute makes all tenancies in cities, towns or villages
not created by a writing signed by the parties or their agents, one
from month to month, and provides that such holdings may be ter-
minated by either party by a month's written notice.

3. ———: ———: ———: STATUTORY NOTICE. In such case, the
statutory notice must terminate the occupancy on the day of the
month succeeding that on which the notice is served, corresponding
to the day when the occupancy began, and it must be served before
the end of the current month.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED.

*G. A. Standard* and *E. R. Lentz* for appellant.

(1) The complaint does not state a cause of action under
section 3321, Revised Statutes 1899, because it shows upon its
face that the tenancy was from month to month, and does not
show that plaintiff had terminated that tenancy by the requi-
site notice. There was no holding over after the expiration
of the time for which the premises were demised or let. (2)

The complaint does not state a cause of action under sections 4131, 4136, 4137, or 4138, Revised Statutes 1899, because it does not allege that any rent was due by the defendant to plaintiff, or that plaintiff had made any demand for payment of rent, or that payment had not been made, nor what the terms of the renting were. The statute imperatively requires that these things must be stated in the complaint. R. S. 1899, sec. 4131; Logan v. Byers, 76 Mo. App. 561. (3) Neither the complaint nor proof show that before commencing this action plaintiff demanded rent of the defendant, and at the time of making demand exhibited to the defendant his deed. This was a statutory prerequisite, to enable him to maintain his action under section 4138. Logan v. Byers, 76 Mo. App. 561.

*Phillips & Phillips,* and *Joseph A. Wright,* with *J. Perry Johnson* for respondent.

The complaint states a cause of action under section 3321, Revised Statutes 1899. Section 3352 provides: "Heirs, devisees, grantees and assigns of any lands, tenements or other real possessions, and executors and administrators in charge of lands of deceased persons shall be entitled to the same remedies against persons guilty of forcible entry and detainer and unlawful detainer of such lands, tenements or other real possessions, before the descent, devise, grant or assignment thereof, or of the granting of letters, as the ancestor, devisor, grantor, assignor or intestate was entitled by virtue of this chapter." R. S. 1899, sec. 3352. Section 3321 provides: "When any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to him, or the person under whom he claims, or when any person wrongfully and

without force, by disseizen, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made in writing, for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of unlawful detainer." R. S. 1899, sec. 3321.

GOODE, J.—This action was begun before a justice of the peace on the following complaint: "Joe. C. Berner, plaintiff, complains of Frank D. Gebhardt, defendant, and says: That on the eighth day of December, 1899, the defendant was in possession of lots 3 and 4, in block 1, in Jones addition to the city of Poplar Bluff, in said township, as tenant from month to month, of the St. Louis Brewing Association, of the city of St. Louis, in the State of Missouri; that afterwards, on the same day above mentioned, the plaintiff purchased of and from the said St. Louis Brewing Association the above described premises; that the defendant continued in possession of said premises as the tenant at sufferance of the plaintiff from the date last aforesaid until the first day of March, 1900, when said tenancy expired; that ever since that time the plaintiff has been and now is entitled to the possession of said premises; that defendant willfully and unlawfully holds over and detains the possession of said premises from the plaintiff; that the plaintiff has sustained damages, by reason of said unlawful and willful holding over, in the sum of fifty dollars.

Wherefore, the plaintiff demands judgment for the possession of the premises, twenty-five dollars per month rent for said premises from the eighth day of December, 1899, until possession is surrendered to plaintiff, fifty dollars damage, and for interests and costs of suit.

(Signed.) "Joe C. Berner."

To this complaint is attached the affidavit of Joe. C. Berner in due form.

On a finding for plaintiff, an appeal was taken to the circuit court, where the case was tried *de novo*. The judgment being again in plaintiff's favor, the defendant prosecuted therefrom the present appeal.

The evidence showed that the defendant rented the premises in controversy from the St. Louis Brewing Association. Berner bought the property from that company. Before doing so he went to the appellant, as he swears, and asked him if he had any lien on the premises, and the appellant told him he had none. After purchasing, Berner asked Gebhardt to move out and give possession, which the latter said he would do about the last of December. This was in 1899. Gebhardt refused to move out and this action was brought to dispossess him. Berner swears he had nothing to do with renting the house to appellant, but that the latter had been in possession two or three years before his purchase and had never paid him any rent.

The following notice was introduced: "To F. D. Gebhardt: Take notice that I, the undersigned, Joe. C. Berner, have purchased from the St. Louis Brewing Association the following described premises, to-wit: All of lots numbered three and four, in block one, in Jones' addition to the city of Poplar Bluff, in the county of Butler and state of Missouri, of which you have been in possession, holding for the said St. Louis Brewing Association. You are hereby required to give immediate possession of the said property to the undersigned, the grantee of the St. Louis Brewing Association, and I now

make demand of you, according to law, to deliver to me forthwith the possession of said premises.

    (Signed)                                         "Joe. C. Berner.
          "By David W. Hill, Johnson & Hill, Attorneys.
"Dated this eighth day of January, 1900."

It appears by the statement of counsel for the plaintiff, that the action was originally instituted before the justice on the first day of March, 1900. Just when the foregoing written notice was served, there is nothing in the abstract of the record to show, but defendant's statement says it was on January 8, 1900.

It is manifest, at once, that the judgment must be reversed. The plaintiff's own testimony shows a tenancy by the appellant of the premises from month to month, to terminate which no sufficient notice has ever been given. Gebhardt's verbal promise to vacate about the last of December is worthless in legal effect. Smith v. Smith Bros., 62 Mo. App. 596. The written notice introduced in evidence, assuming that it was served when stated, in no sense complies with the law. The statute provides that a tenancy at will or by sufferance or for less than one year may be terminated by the person entitled to possession by giving a month's notice in writing to the party in possession requiring him to remove. R. S. 1899, section 4110. The same statute makes all tenancies in cities, towns or villages, not created by a writing signed by the parties or their agents, one from month to month, and provides that such holdings may be terminated by either party by a month's written notice. Gebhardt's tenancy, it seems, began on the twenty-seventh day of May, 1898. The law is that the statutory notice must terminate the occupancy on the day of the month succeeding that in which it is served, corresponding to the day when the occupancy began. Gunn v. Sinclair, 52 Mo. 327; Russell v. McCartney, 21 Mo. App. 544; Leahy v. Lubman, 67 Mo. App. 191; Sny-

der v. Parker, 75 Mo. App. 529.    It must also be served before the end of the current month.    Gunn v. Sinclair, 52 Mo. supra.

The written notice to Gebhardt was a demand for immediate possession, which obviously would not terminate the tenancy.    If the notice had demanded possession on the twenty-seventh day of February following, it would have been a good foundation for an action of unlawful detainer.    As it is, the record presents the instance of a tenant from month to month whose tenancy has not been terminated by a proper notification being sued in that form of action.    While no notice is required when there is a written lease fixing a definite time for its expiration, it is absolutely necessary, by the very language of the statute, in the case either of a tenancy at will or from month to month.    Even ejectment will not lie until one has been given. Tarlotting v. Bokern, 95 Mo. 541; Drey v. Doyle, 28 Mo. App. 249.

Neither can the judgment be supported under the landlord and tenant act, for the complaint or statement has no allegation that any rent is due or any of the other necessary  averments under section 4131, Revised Statutes 1899.    Besides, the defendant had never attorned to the plaintiff to establish the relation of landlord and tenant, nor is there any statement of the terms of the letting by the St. Louis Brewing Association to Gebhardt as required by section 4138.

The judgment is reversed.    All concur.