Joseph FISCHMAN, (Plaintiff) Appellant,

v.

Norman KIPHART, (Defendant) Respondent.

No. 29573.

St. Louis Court of Appeals. Missouri.

Jan. 3, 1957.

Not to be reported in State Reports.

Louis M. Kohn, St. Louis, for appellant.

Vincent J. Cavanaugh, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action for rent brought against the tenant of an office that he had rented. The tenancy was month to month and the plaintiff seeks to recover one month's rent in the sum of $50. The action was instituted in the Magistrate Court of the City of St. Louis, where the trial resulted in a judgment for the defendant. The plaintiff appealed to the circuit court and there, upon a trial to the court, the defendant again prevailed, and the plaintiff has again appealed.

The facts of the matter are that in February, 1954, the defendant rented, from the plaintiff, office space in a building located on Natural Bridge Road. The tenancy was on a month to month basis starting March 1, 1954. The agreed rental was $50 a month, payable in advance on the first of each month. The defendant occupied the office and paid the agreed rent for the months of March, April, and May, successively. On May 2, 1954, the defendant sent a letter to the plaintiff informing him that the office would be vacated on May 31, 1954.

A Mr. Arthur Fischman, rental agent for the property, said that he received Kiphart's letter on May 4. He testified that he telephoned Kiphart and told him that thirty days' notice was required and that consequently rent for the month of June would have to be paid. He also stated that he placed a for rent sign in the window on the second floor but that the space was not rented until some time after June.

The defendant testified that he did not receive any phone call from the plaintiff about the rent for the month of June. He said that in each prior month he had received a bill for the rent for the following month on the 29th, but that he did not receive any bill in May for the June rent. He said that he vacated the premises on May 29, 1954, and heard nothing from the plaintiff until fifteen days later when he received a letter requesting the rent

and mentioning a phone conversation about the matter.

In rebuttal, there was evidence that a statement for the June rent was mailed toward the end of May and another notice later, stating that the rent was delinquent.

Upon the foregoing evidence the court found that the timeliness of the notice was waived by the plaintiff and a judgment was entered for the defendant.

■ Cases tried by the court without the aid of a jury require us to review the facts upon appeal as in suits of an equitable nature. It is our responsibility to make our own determination of the facts, and where our examination of the evidence impels a conclusion that the lower court's findings are clearly wrong we will not hesitate to make findings contrary to them. Cleary v. Cleary, Mo., 273 S.W.2d 340.

It is admitted that the notice of termination of the tenancy was insufficient in point of time and that it did not therefore comply with Section 441.060 RSMo 1949, V. A.M.S., which requires one month's notice for the termination of month to month tenancies.

■ The sole question is whether or not there was a waiver of the required notice by the landlord. It is true that the landlord may by words or conduct waive the sufficiency of the notice. Corby v. Brill Book & Stationery Co., 76 Mo.App. 506. But the evidence does not appear sufficient to support the view that the acts of the landlord were such as would constitute a waiver.

■■ If we accept all of the evidence favoring the defendant as true, we find only that a for rent sign was placed in the window after the notice of terminating the tenancy was mailed. This does not constitute a completed surrender of the tenancy, which would relieve the tenant from further rent. Buck v. Lewis, 46 Mo.App. 227. The landlord has a right to re-rent the premises for the best rent he can obtain and to recover the difference from the defaulting tenant. Schulte, Inc., v. Haas, 224 Mo.App. 365, 287 S.W. 816. However, in the case under consideration the premises were not rented during the month of June.

There must be some evidence to support a waiver and if we look to the defendant's testimony for such evidence we find that he had no conversation with his landlord about the rent or the notice. All that we have is his testimony that the June rent was not requested until about two weeks after the defendant left the premises. This alone is not a sufficient fact to show that the landlord had waived his right to the notice provided by law.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded with directions to enter a judgment in favor of the plaintiff.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded with directions as recommended by the Commissioner.

ANDERSON, P. J., MATTHES, J., and HUNTER, Special Judge, concur.